**UNITED STATES v. BRANDENBURGH.**

No. 181.

Circuit Court of Appeals, Second Circuit.

Jan. 11, 1945.

John J. Mangini, of New York City (Raphael V. Grottola, of New York City, on the brief), for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Arthur H. Taylor and Clayton D. Hollinger, Asst. U. S. Attys., both of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The defendant Virginia Brandenburgh was convicted, together with Peter and Rose Salanardi, of a violation of 18 U.S.C.A. § 88, in that she conspired with them to violate the Harrison Narcotics Act, 26 U.S.C.A. Int.Rev.Code, §§ 2553 and 2554, and also 21 U.S.C.A. §§ 173 and 174. She alone has appealed. Her codefendants were convicted also of the substantive offenses defined in those sections, upon an

indictment which did not name her but which over her objection was consolidated for trial with the conspiracy indictment. One question presented on this appeal is whether the trial court abused its discretion when it granted the government's motion to consolidate the two indictments.

There were no allegations in the indictment that any of the defendants illegally imported any narcotics nor that they dealt with such narcotics having knowledge of their prior illegal importation. So far as defendant Brandenburgh was concerned, the proof was directed to showing her participation in a conspiracy to sell a quantity of opium other than in or from the original package bearing internal revenue stamps, and to sell it other than in pursuance of the purchaser's written order on a form authorized by the Secretary of the Treasury, such sales being forbidden by the sections of the Internal Revenue Code mentioned in the indictments.

The case was tried to a jury in the District Court for the Southern District of New York, who could have found from generally uncontradicted evidence that the following acts occurred: A Detroit dope peddler named Abe Weiner (who was named with these defendants in the second indictment but whose case was disposed of before this trial) came to New York City on April 2, 1943, accompanied by one Collins, an informer in the pay of the Narcotic Division of the Treasury Department. He had previously smoked opium with her in Detroit and had told her that he could obtain the narcotic more cheaply in New York from persons whom he called "the Dago" and "Mom," later identified as the defendants Peter Salanardi and Brandenburgh. Upon their arrival they went to a hotel, and shortly afterward Weiner telephoned to the appellant, who came to see him in the hotel that evening. He requested her to obtain a toy of opium, whereupon she put in a telephone call to "the Dago" from the hotel lobby. An hour or so later the latter appeared in the drug store adjoining the hotel and there delivered to the appellant a toy of opium, for which she then paid with money given her by Weiner. Up in the hotel room again, she and the others present smoked it.

Weiner then requested the appellant to buy a tin of opium for him to take back to Detroit. She declined to make the purchase but agreed to have Salanardi get in touch with him about it. The next day Salanardi telephoned and the two men arranged for the sale of a quantity of opium, but Weiner did not appear at the appointed time and Salanardi later told Collins that he did not want to deal further with Weiner. Two days later, however, at an opium smoking party Weiner again requested the appellant to negotiate with Salanardi, and she agreed. Subsequently the two Salanardis met Weiner and agreed to the sale of twenty toys of opium, which they delivered to him the next day in Union Square.

The appellant, who did not testify in her own behalf, contends that these facts do not prove that she entered into the conspiracy to commit any of the substantive crimes named in the indictment. She says the proof goes no further than to identify her with the purchase of a single toy of opium, which she bought for her own purposes as an independent purchaser and not in furtherance of any conspiracy. See, United States v. Koch, 2 Cir., 113 F.2d 982. But it is plain that the proof here does go much further than that. The appellant had previously dealt with both Salanardi and Weiner regarding the transfer of opium, and on this occasion she was the go-between for them; she was the active instrumentality whereby this one of a series of illegal opium sales was brought about. She asserts there is no proof that she ever did speak to Salanardi with a view to prevailing upon him to do business with Weiner, but from the evidence of her announced intention to do so and of the sale thereafter consummated the jury could have found, as it obviously did, that she was in fact the active agent in the matter. It is plain from Harrison v. United States, 2 Cir., 7 F.2d 259, that a showing of complicity to this extent is sufficient to support a conviction of conspiring to violate the law against illicit sales of narcotics.

There is no merit in the appellant's contention that she did not get a fair trial because the lower court consolidated the two indictments. We have held that the statute providing for consolidation authorizes this procedure when the indictments charge different defendants with different crimes, and the only further inquiry must be whether in a particular instance the charges are provable by the same evidence. United States v. Smith, 2 Cir., 112 F.2d 83. In this case the subject matter of both indictments arose out of the identical series of acts, and the same

evidence that proved the appellant's guilt of the charge against her was relevant to prove the guilt of the other defendants under the indictments upon which they were being tried. Compare, United States v. McMahon, 164 U.S. 81, 17 S.Ct. 28, 41 L. Ed. 357. Thus the condition precedent was fully met and there was no abuse of the court's discretion in ordering that the cases be tried together.

Judgment affirmed.