**UNITED STATES of America**

v.

**Luis VALDÉS and César Vega.**

**Crim. No. 40–66.**

United States District Court
D. Puerto Rico.

Jan. 10, 1967.

Antonio Cordova Gonzalez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Gerardo Ortiz Del Rivero, R. Ramos Algarin, San Juan, P. R., for defendants.

## MEMORANDUM

CANCIO, Chief Judge.

Co-defendant in this case, Luis Valdés, through his attorney, has moved that he be granted a separate trial on the charges brought jointly against him and co-defendant César Vega. A motion, also to this effect, has been filed by attorney for defendant César Vega, wherein he states that:

Co-defendant César Vega's main defense in above trial will be to testify and to incriminate co-defendant Luis Valdés for the crimes as alleged by the Government in above case.

The United States Attorney opposes these motions for severance and insists, not only that these defendants could be tried together, but that they must be tried together.

On May 17, 1966 the Grand Jury for the District of Puerto Rico returned a true bill on a ten count indictment charging the defendants with violations of the Federal Narcotics Laws. Defendants are charged in the several counts of the indictment though both of them do not appear in every single charge. The indictment consists of nine substantive counts and one count wherein the defendants are jointly charged with conspiracy. Of the nine substantive counts, defendant Luis Valdés is charged in six and defendant César Vega is charged in three. In none of the substantive counts are both defendants charged jointly. It must be stated, though, that the charges alleged against César Vega are for aiding and abetting Luis Valdés in the commission of the crimes alleged in the other counts.

Usually, it is the normal procedure that parties to an action must present all of the evidence they intend to use and must try all of the issues joined upon. Thus, there is no right to a severance of the trial as to any defendant unless it can be shown that the requirements of due process of law would not be met in a joint trial. United States v. Brandenburgh, (2d Cir., 1945), 146 F.2d 878.

Hence, it has been held that where the charges imputed to separate defendants arise from the same transaction, or out of a single series of identical acts, and that the evidence used to prove the guilt of one defendant is the same as that used to prove the guilt of the other defendant, then both should be tried jointly. In such situations the Courts have denied motions requesting separate trials. United States v. Silverman, (D.C. Conn., 1955), 129 F.Supp. 496; United States v. Andreadis, (D.C.N.Y., 1965), 238 F.Supp. 800.

Whether or not a defendant is to be granted a severance is a matter of discretion with the Court and not something that must be granted as of right. Poliafico v. United States, (6th Cir., 1956), 237 F.2d 97; United States v. Lang, (D. C.E.D.N.Y., 1941), 40 F.Supp. 414. See also, Beazell v. State of Ohio (1925), 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216; United States v. Marchant, 12 Wheat. 480, 25 U.S. 480, 6 L.Ed. 700.

Whether or not a defendant is to be granted a separate trial when he is jointly charged with other defendants is a matter which must necessarily rest on the facts and issues of the particular case and not something which must rely on the type of evidence the prosecution plans to present. Thus, it has often been held that in trials where conspiracy is alleged, evidence which is inadmissible as against certain defendants may be admitted as against other defendants, provided that the Court instructs the jury appropriately, Metcalf v. United States, (6th Cir., 1952), 195 F.2d 213; Hagen v. United States, (9th Cir., 1920), 268 F. 344; Dykes v. United States, (1962), 114 U.S.App.D.C. 189, 313 F.2d 580;

Johnson v. United States, (6th Cir., 1936), 82 F.2d 500. In this sense, it has also been held that a confession by one of several defendants can be admitted into evidence but only as pertaining to the guilt or innocence of that defendant. Harris v. United States, (4th Cir., 1960), 283 F.2d 923.

In the case at bar, the United States Attorney insists at this point that where there is a count charging the defendants with conspiracy, a severance should not be granted unless there is a strong showing of prejudice; and that no such showing has been made in this case. Yet, it concedes that the granting of a severance is discretional. Thus, it becomes the duty of the Court to examine the facts and issues before it and to determine whether or not a showing has been made wherein it would be prejudicial to either of the defendants to hold the trial jointly and whether this prejudice is sufficient to warrant a severance of the trials.

The relationship between the defendants as alleged in the counts of the indictment has already been noted above. It has also been noted that both of them are requesting separate trials. However, the brunt of showing the necessity for such a severance has been carried by defendant Luis Valdés and has been most urgently pressed by him.

The reasons set forth in favor of a severance is essentially one: the intended manner of defense to be used by defendant César Vega. This defense proceeds essentially to lay the blame for the entire transactions squarely and solely on defendant Luis Valdés. Counsel for César Vega has admitted to the Court that this is precisely the manner in which he plans to proceed. Defendant César Vega's attorney states that his defendant will testify and present witnesses that will incriminate defendant Luis Valdés. Furthermore, defendant César Vega has written a letter to this Court wherein he makes statements that may be considered as highly prejudicial to defendant Valdés' case. Finally, defendant Vega has taken the deposition of one Salvador Hernández which tends to lay responsibility on Luis Valdés and to exonerate César Vega.

Under these circumstances, it would appear that to have these defendants tried jointly would be highly prejudicial to one of them, Luis Valdés, since the defense proposed by the other defendant is precisely to lay the blame on him.

Under Rule 14 of the Federal Rules of Criminal Procedure "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. * * *" This case falls squarely under the provisions of this rule.

As counsel for defendant Luis Valdés pointedly remarks, Valdés, if compelled to go to trial together with defendant Vega, would have to prepare his defense against two adversaries, the United States and co-defendant Vega. They would be united in their effort to convict Valdés. We must agree that under these conditions, a joint trial would be the equivalent of a denial of a fair and impartial trial. Hence, separate trials must be provided for these two defendants.

In granting the severance herein requested, it must remain perfectly clear that the Court is not passing judgment as to whether the aforementioned letter of César Vega, addressed to this Court, constitutes a confession or even an admission. It must be equally clear that this severance does not preclude the Government from prosecuting the defendants separately for conspiracy; it merely precludes such prosecution jointly.

Since the Government has shown the necessity of bringing a witness from the continental United States to testify, and since this witness is purportedly a material witness as to both defendants, Luis Valdés and César Vega, and since it has repeatedly been stated for the record that the witness is in very bad health condition, which makes it difficult for

him to travel overseas, these two trials shall be held consecutively.

■ Finally, and in relation with the main issue of this case, the zeal of the Court in watching over the accomplishment of the due process of law is such that it will set the case of defendant Valdés for hearing on the merits before the hearing on the case of defendant César Vega. Thus any possible prejudice to defendant Valdés, through adverse publicity or otherwise, will be avoided.

It is so ordered.