**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth W. DAVIS, James B. Cobb and Ferrell Bennett, Jr., Defendants-Appellants.**

No. 75–2092.

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1977.

618

Michael A. Linsky (Court-appointed), Tampa, Fla., for Davis.

J. Scott Taylor (Court-appointed), Tampa, Fla., for Bennett.

Oscar Blasingame (Court-appointed), St. Petersburg, Fla., for Cobb.

John L. Briggs, U.S. Atty., Jacksonville, Fla., John J. Klein, Atty., Dept. of Justice,

Crim. Div., Washington, D.C., for plaintiff-appellee.

Before MORGAN and GEE, Circuit Judges, and HUNTER,* District Judge.

GEE, Circuit Judge:

Appellants Bennett and Cobb were convicted of conspiracy to import marijuana and of importation and possession of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 952(a), § 955, § 960(a)(1), (2), and § 963. Appellant Davis was convicted of conspiracy only. Bennett received concurrent two and one-half year sentences, followed by five years special parole; Cobb received concurrent eighteen-month sentences and five years special parole; Davis was placed on three years probation pursuant to 18 U.S.C. § 5010(a).

In November 1974, a DC-3 airplane landed at Winterhaven, Florida, carrying 500 pounds of marijuana. Cobb was arrested when he began unloading suitcases of marijuana from the plane into his waiting van; Bennett was co-owner of the DC-3, and Davis was in the plane, having served as Bennett's "representative" on the trip to and from Jamaica.[1] Co-defendants Shepherd and Kiken pled guilty and testified for the government. The pilot of the plane, Barnett, proved to be a government informer who also was a key prosecution witness.

Appellant Bennett complains of the admission of testimony by these witnesses of his prior dope dealings. Bennett's sole defense at trial was that he was coerced into lending his plane to these smugglers by their threats of violence to himself and his family. Bennett's motivation and intent were at issue, and the trial judge admitted the evidence of previous importation of marijuana only as to Bennett. Before the complained-of testimony was admitted, the court gave the following instruction, admonishing the jury to consider the evidence only for the purpose of determining Bennett's intent and not as proof of commission of the acts charged:

In other words, if you should find from the evidence about to be given to you by the witness, Kiken, that the defendant [Bennett] prior to the time of the events charged in the indictment was involved in similar transactions, that evidence, evidence of what he did at some prior time, would not be proof that he did what is charged in this indictment.

\* \* \* \* \* \*

He is on trial only with respect to what he did or didn't do under the charges in the indictment. Now, that is to say that the evidence that the defendant may have committed an earlier act of a like nature may not be considered in determining whether the accused Bennett committed any of the offenses charged in the indictment.

\* \* \* \* \* \*

Now, if you should find beyond a reasonable doubt from other evidence in the case that the accused Bennett did the acts charged in the indictment, then you may consider evidence as to the alleged earlier acts of a like nature in determining the state of mind or intent with which the accused Bennett did the acts charged in the particular parts of the indictment or counts which you are considering and where proof of [an] alleged earlier act of a like nature is established by evidence which is clear and conclusive, you may draw therefrom the inference that in doing the acts charged in the counts of the indictment, the accused Bennett acted willfully and with specific intent and not through mistake, inadvertence or for any innocent reason.

Another limiting instruction was given at the close of trial. We find the trial judge properly exercised his discretion in admitting the evidence under the intent exception to the general rule excluding evidence

---

* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. Twelve others were indicted for this scheme of importing marijuana from Jamaica.

of prior similar misconduct. *Bloom v. United States,* 538 F.2d 704 (5th Cir., 1976); *United States v. San Martin,* 505 F.2d 918 (5th Cir. 1974).

 Appellants Cobb and Davis both complain that they were prejudiced by the admission of the prior importation schemes of Bennett. Davis urges that his motion to sever should have been granted to protect him from a verdict of guilt by association.

The joint trial of conspiracy defendants always presents the troublesome problem of limiting the jury's consideration of testimony admissible against some defendants but not others. But the decision as to whether the jury can sort out the evidence relevant to each defendant is firmly committed to the discretion of the trial court. The test which should guide the trial judge is set forth in *Tillman v. United States*:

> "[C]an the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted."

406 F.2d 930, 935 (5th Cir. 1969), *citing Peterson v. United States,* 344 F.2d 419, 422 (5th Cir. 1965). Our court has held that the admission of past misconduct of some defendants does not dictate a severance to protect the other co-defendants from an inference of guilt by association.

It is further asserted by some appellants that the criminal records of their co-defendants below were prejudicial to their defense and should have been sufficient to warrant a severance. Similar grounds have generally been rejected. These grounds have been held insufficient even if the prior convictions were for similar offenses.

*United States v. Perez,* 489 F.2d 51, 67 (5th Cir. 1973) (citations omitted). Rather we have relied on careful instructions at the time such evidence is admitted to protect co-defendants in a conspiracy trial from the risk of guilt transference. *Cf. United States v. Morado,* 454 F.2d 167, 172 (5th Cir. 1972). Limiting instructions were given prior to the admission of testimony about Bennett's history of importing marijuana and at the close of the trial, charging the jury that the prior acts concerned only the defendant Bennett and did not concern the guilt or innocence of either Davis or Cobb. Our careful reading of the record in this case convinces us that the trial judge's instructions here were a model for imparting caution and care to the jury in its consideration of each defendant's guilt or innocence and in their reiterated strictures on the consideration of evidence of similar transactions or misconduct not the subject of the indictment.[2] Neither Cobb nor Davis has

---

2. ′ The following instruction was given to the jury at the close of the trial:

There was evidence in the case about prior similar acts, about the fact that the defendant Ferrell Bennett had been engaged in marijuana dealings in the past. Barnett testified to conversations with Bennett which would indicate that. Kiken testified to actual participation in marijuana dealings with Bennett who Kiken said was a partner and Shepherd testified to the arrival of Bennett sopping wet at five o'clock in the morning. Now, this testimony about prior activities must be considered in a special way. First, let me warn you that that testimony is not in any way, shape or form a part of the crimes charged in this indictment and this testimony should not be considered by you with respect to the other two defendants, Davis or Cobb, because it doesn't affect them at all; it should be considered by you only with respect to Bennett and it should not be considered by

you even in Bennett's case as the slightest proof of any conversations or acts allegedly constituting the charged conspiracy or in furtherance of the charged conspiracy. This evidence was received and may be considered by you only for the limited purpose of permitting the prosecution to show the defendant Bennett's motives, intent, inclination, purpose and association. Evidence that an act was done at one time or on one occasion is not any proof whatever that a similar act was done at another time or on another occasion. That is to say, evidence that the defendant may have committed an earlier act of a like nature may not be considered in determining whether the accused committed any offense charged in the indictment, nor may evidence of alleged earlier acts of a like nature be considered for any purpose unless you first find that the other evidence in the case standing alone establishes beyond a reasonable doubt that the accused did the par-

convinced us that he was so prejudiced by the complained-of testimony that his conviction must be reversed.

■ Appellant Davis complains of the court's failure to grant his motion for acquittal on the charge of conspiracy.[3] A review of the lengthy transcript in this case reveals slight evidence that Davis willfully joined the conspiracy charged, but we agree with the trial judge that there was enough to send the question to the jury, and, viewing the evidence presented most favorably to the government, as we must, we refuse to overturn their verdict of guilty.

■ All three appellants complain that judicial commentary and questioning during this lengthy trial exceeded proper bounds and denied them a fair trial. It is

ticular acts charged on the particular count of the indictment under deliberation.

If you, the jury, should find beyond a reasonable doubt from other evidence in the case that the accused, Bennett, did the acts charged in the particular count under deliberation, then the jury may consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent which the accused Bennett—with which the accused Bennett did the acts charged in the particular count of the indictment and where proof of an alleged earlier act of a like nature is established by evidence which is clear and conclusive, you may draw therefrom the inference that in doing the acts charged in the count of the indictment under consideration the accused Bennett acted willfully and with specific intent and not through mistake or inadvertence or for an innocent reason.

The administration of our system of criminal justice and our basic concepts of fair dealing are centered on the requirement then in each case the jury reach a result based solely on the charges made in the particular indictment and on the record with regard to those charges. That is a very fundamental concept of our law, ladies and gentlemen.

I was a little sorry that certain evidence came into the case which, by its nature was perhaps shocking to you and which may have upset you, but which had really nothing to do with the charges themselves in this case. They had something to do with the factual fabric and for that reason were relevant, but you must be very careful not to adopt the quick, expedient type of judgment that sometimes persons will adopt in their daily lives of saying, oh well, he's a bad man and so he must be guilty of this. This would be committing a very serious error. For instance, I heard about the dalliances in Jamaica, about Shepherd spending part of the night with Sheila; about Barnett apparently having had an affair while he was there and this alleged conversation on the plane when it returned from Jamaica concerning whether Davis did or did not have hashish hidden in his sock or in a valise. The evidence is contradictory on that point, but you see, this evidence might create a prejudice in your mind. You might be influenced by it and say, well, if he did that, he must have done

this. Please, resist the temptation to come to any such conclusion. First of all, let me point out that you are not here to exercise a moral judgment. Even if you are shocked by any of this evidence, you must lay that aside. That is not intended to be evidence to convince you that they were guilty of these crimes.

Secondly, you must be very careful, you must be very careful to remember that there are specific charges made in this indictment and the defendants must be adjudged to be either guilty or innocent on the relevant evidence bearing upon the specific charges in this indictment. Davis is not accused of having illegally imported hashish. The evidence to that is contradictory in any event. He is not charged with that and he must not be judged guilty or innocent on the basis of that evidence.

I wish to caution you that proof of this prior activity on the part of Bennett does not prove the offense or offenses charged in this indictment even if you believe it. You may consider it solely on the question of intent which is one element of the crime as charged here. It will be up to you to determine whether you believe that testimony and if so, the weight that you will give it on the question of intent.

You must determine the guilt or innocence of each defendant under the conspiracy charge and under any other charge separately. Defendants are not tried in bunches. You must consider each case on the relevant evidence relating to that case. I charge you that the guilt of any defendant cannot be found on the basis of the declarations or statements of others unless the defendant whose case you are considering has been connected with a conspiracy as a participant. Guilt must be associated with an intent on the part of the defendant to commit the crime and such intent must appear from his own acts and conduct. If you have a reasonable doubt as to the intent of any defendant to commit the crime charged, you must return a verdict of not guilty.

3. Davis' motions for acquittal on the counts of importation and possession of marijuana were granted.

true that the trial judge played an active role, at times pointedly examining witnesses and defendants. But a federal judge is not consigned to the role of moderator; he may elicit further information he thinks would benefit the jury, and he may comment on the evidence, provided he makes it clear that all matters of fact are committed to the jury's ultimate determination. *United States v. Cisneros,* 491 F.2d 1068 (5th Cir. 1974), *citing Querica v. United States,* 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). A careful review of the lengthy transcript before us convinces us that if the trial judge's questioning of defendants was at times aggressive,[4] his overall management of the trial was even-handed and his instructions to the jury exceptionally lucid and careful.

Because we find no merit in any of appellants' complaints, the convictions below are all AFFIRMED.

---

**4.** Appellant Cobb complains of the following questioning by the court:

> Q And there you were, caught with marijuana that you didn't want that these people had forced on you. Didn't it occur to you to say to this detective, why, they stuck me with this marijuana. Come and get it?

Although Cobb did not raise the issue that this questioning might violate the holding of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), by referring to Cobb's failure to explain his innocence despite his right to remain silent after receiving *Miranda* warnings,

we have nevertheless examined the colloquy of the court to see if it runs aground on *Doyle v. Ohio* principles. We find that the court, in the sequence of questions of which this is a part, was not asking the defendant Cobb to explain his silence but rather was exploring testimony that Cobb ran when accosted and stated, when commanded to stop or be shot, "Go ahead and shoot, I might as well be dead anyway." The running and the statement occurred before Cobb's arrest and before *Miranda* warnings were given, and therefore, although the colloquy may be close to the line, we do not find reversible error under *Doyle v. Ohio.*