**UNITED STATES, Appellee,**

v.

**Private (E–2) James O. WILSON, SSN 536–58–4044, United States Army, Appellant.**

**SPCM 12600.**

U. S. Army Court of Military Review.

29 Sept. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Paul W. Jacobson, JAGC, were on the pleadings for appellee.

Before CARNE, MITCHELL and MOUNTS, Appellate Military Judges.

### OPINION OF THE COURT ON FURTHER REVIEW

CARNE, Senior Judge:

On 17 November 1976 the appellant was convicted at a bench trial of unlawfully entering a government building in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence as adjudged, which provided for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $249.00 per month for four months, and reduction to the grade of Private (E–1), was approved by the convening authority on 27 January 1977.

This case was then submitted to this Court for review pursuant to Article 66, Uniform Code of Military Justice, on the sole assigned error that the evidence was insufficient to sustain the findings of guilty beyond a reasonable doubt. This Court affirmed the findings of guilty and the sentence on 29 March 1977. The appellant petitioned the United States Court of Military Appeals on 11 April 1977, asserting as errors insufficiency of the evidence (Assignment of Error I) and two new additional errors not raised before this Court as follows:

*Assignment of Error II:*

The prosecutor erred by cross-examining the appellant concerning his silence after being apprehended and advised of his rights.

*Assignment of Error III:*

The post-trial review is prejudicially deficient in that the convening authority was not furnished adequate legal advice concerning the above-listed error.

Thereafter, a motion by the Government joined by counsel for the appellant, was granted by the United States Court of Military Appeals remanding this case to this Court for consideration of the issues raised by the appellant for the first time before that Court.

The pertinent facts bearing on the newly assigned errors taken from the testimony of record are as follows:

At approximately 0240 hours, 22 August 1976, following a report that someone was in a recreation center building, two military policemen were dispatched by radio to the building. They were met in the adjacent parking lot by the staff duty officer and the staff duty non-commissioned officer, who had rendered the report, and were informed a man was still in the building. The military policemen, with weapons drawn, entered the building by crawling through the hole in the door from which someone had broken the glass. They proceeded around a corner, down an aisle to the rear where they observed the appellant standing in a latrine entrance. His pants were unbuckled and unzippered and he stated that "he just had to use the facilities." He was apprehended, searched, handcuffed, and taken outside the building where he was read his rights. After arrival of other patrols, the apprehending police took the appellant to the MP station (R. 22–25).

On cross-examination the apprehending military policeman testified that at the time of apprehension, the appellant stated that he was just using the latrine facilities (R. 27).

At trial, the appellant testified in his own behalf that at the time, place, and date in question, he was walking near the recreation center and upon hearing the breaking of glass, he went to the building, looked inside, and then entered to see if anyone was in the building. He did not see anybody so he looked for a telephone. He did not locate one so he used the latrine. As he was ready to come out the MPs got him. His stated reason for going in the building was to catch the thief since his battalion commander had offered a reward of 30 days leave for such acts in order to reduce the larcenies on post (R. 37–42).

On cross-examination, the trial counsel asked the appellant the following questions which are alleged to constitute an impermissible comment on the appellant's right to remain silent.

Q. Private Wilson, if you entered the building really to see if anyone was in there, to use the phone, why did you tell the MPs that the only reason you came in was to use the bathroom?

A. Sir, at the time when I was—when I came out of the bathroom, like, they told me to remain silent, and I told them that—they had had their forty-fives pointing at me. I say I'm not doing nothing. I just want to buckle my pants; I was just using the latrine.

They asked me no more questions, so I didn't tell them nothing else.

TC. I have nothing further, your Honor. Well, I beg your pardon; I do.

Q. You stated that you would have gotten a reward if you—a pass, that is, if you had caught the thief?

A. Sir, that's what I'm saying. He asked me what happened—what's the CO—the company commander tell us about larcenies and that—stuff like that around the barracks. I was just simply telling him what would happen, sir,—the reward—like I stated before, whether we got a reward or not, I would have done the same thing.

Q. Didn't you think it was important then to tell the MPs that you were there looking for the thief?

A. Sir, at the time, I mean, like they said, stuff be used against me, sir. When I went down to the MP station, I was willing to talk. They didn't take no statement or anything. I did tell them what happened over at Fiddlers Green after we'd got down to the MP station (R. 42–44).

██ It is well settled that a prosecutor cannot comment upon the appellant's right to remain silent and the use for impeachment purposes of an appellant's silence at the time of arrest and after receiving a warning violates the Due Process Clause of the Fourteenth Amendment. *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). It is initially observed that both *Hale* and *Doyle* were jury trials, whereas, as noted above, the instant case was tried before a judge alone. In any event, we believe this difference is not significant since we find that the facts of the instant case are clearly distinguishable from *Hale* and *Doyle*. The evidence of record vividly demonstrates that the trial counsel by his cross-examination was attempting to impeach the appellant by the use of his prior inconsistent statement, namely, that he entered the building solely to use the latrine. This statement was voluntarily made by the appellant at the time of his apprehension, prior to his being warned of his rights against self-incrimination, and was not in response to any questioning by the arresting officers. Accordingly, the trial counsel was not asking the appellant to explain his silence (the appellant had already voluntarily broken the silence) but was pursuing the obvious inconsistency of appellant's initial statement with his subsequent exculpatory testimony that he entered the building to investigate the break-in and use the telephone to call the military police. It is a basic rule of evidence that a prior inconsistent statement may be used to impeach the credibility of a witness including a defendant provided a proper foundation is laid. Paragraph 153*b*, Manual for Courts-Martial, United States, 1969 (Revised edition); Sect. 479, Wharton's Criminal Evidence 13th Edition, pp. 447–448.

The facts in the case before us are quite similar to those in *United States v. Davis*, 546 F.2d 617 (5th Cir. 1977), in which the Fifth Circuit distinguished that case from *Doyle*, holding that the sequence of questions to the defendant was not asking him to explain his silence but was exploring his testimony concerning a statement made before his arrest and prior to *Miranda* warnings.

██ We conclude therefore that the trial counsel's cross-examination of the appellant did not constitute an impermissible comment on the appellant's right to remain silent. Our disposition of this assigned error moots the other issue raised by the remand order. We have again considered the sufficiency of the evidence of the record and conclude that the appellant's guilt of the offense was established beyond a reasonable doubt by overwhelming evidence. Hence, even if the trial counsel's cross-examination of the appellant could be held as an impermissible comment on his constitutional right to remain silent, the error was harmless. *United States v. Earl*, 529 F.2d 1145 (6 Cir. 1976).

The decision of this Court in this case, dated 29 March 1977, is reaffirmed and remains in effect.

Judge MITCHELL and Judge MOUNTS concur.