**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gregory Larmar CRAWFORD and**
**Kenneth Ray Blanks,**
**Defendants-Appellants.**

**No. 77–5815.**

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1978.

Charles Clark, Circuit Judge, filed a dissenting opinion.

William C. Hammack, Meridian, Miss. (Court-appointed), for Crawford.

J. R. Shannon, Meridian, Miss. (Court-appointed), for Blanks.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before CLARK, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

In a joint trial, a jury found Gregory Larmar Crawford and Kenneth Ray Blanks guilty of possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871. Arguing that they should have been tried separately, defendants appealed to this court. We reverse.

Blanks was driving an automobile in Meridian, Mississippi, and Crawford was riding as a passenger in the front seat when it was stopped by city police officers. The officers had recognized Blanks and knew that he did not have a driver's license. While they were impounding the vehicle, the arresting officers found the sawed-off shotgun partially hidden under the dash.

The government contended that both defendants possessed the firearm. Blanks testified that Crawford owned the firearm and presented witnesses who supported that testimony. Crawford, on the other hand, claimed that Blanks was the shotgun's owner and that he had not seen it before the night of his arrest. Crawford also presented a witness who suggested that Blanks owned the gun. Before trial, and several

times during the trial, defendants unsuccessfully moved for a severance.

■ Persons indicted together ordinarily should be tried together. *United States v. Bolts*, 558 F.2d 316, 322 (5th Cir. 1977), *cert. denied*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977); *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977). Federal Rules of Criminal Procedure 14, however, provides an exception to this general rule:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

■ The decision whether to sever defendants for trial is within the trial court's discretion. It should grant a severance if jurors in a joint trial may not be able to determine the culpability of a defendant fairly, impartially and solely on the basis of evidence relevant to the individual defendant. *United States v. Partin*, 552 F.2d 621, 640 (5th Cir. 1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); *United States v. Davis*, 546 F.2d 617, 620 (5th Cir. 1977); *Tillman v. United States*, 406 F.2d 930, 935 (5th Cir.), *vacated in part*, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969); *Peterson v. United States*, 344 F.2d 419, 422 (5th Cir. 1965). The decision of the trial court should not be overturned in the absence of an abuse of discretion. *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. McLaurin*, 557 F.2d 1064 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 743, 54 L.Ed.2d 767 (1978); *United States v. Perez*, 489 F.2d 51 (5th Cir. 1973), *cert. denied*, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974); *Schaffer v. United States*, 221 F.2d 17, 19 (5th

Cir. 1955). Denial of a severance will not result in reversal unless the defendant can show that he or she was "unable to obtain a fair trial without a severance" and can "demonstrate compelling prejudice against which the trial court [was] unable to afford protection." *United States v. Swanson*, 572 F.2d 523, 528 (5th Cir. 1978); *accord, United States v. Perez, supra.*

■ Courts recognize that antagonistic defenses can prejudice co-defendants to such a degree that they are denied a fair trial. *E. g., United States v. Johnson*, 478 F.2d 1129 (5th Cir. 1973); *United States v. Valdes*, 262 F.Supp. 474 (D.P.R.1967).[1] A severance, however, is not mandated every time co-defendants with inconsistent defenses are tried together. *United States v. Perez, supra; United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972), *cert. denied*, 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Robinson*, 139 U.S. App.D.C. 286, 432 F.2d 1348 (1970). In deciding whether to grant a severance the trial court must balance the possible prejudice to the defendants against the government's interest in judicial economy and must consider the ways in which it can lessen the prejudice by other means. *United States v. Garza*, 563 F.2d 1164, 1166 (5th Cir. 1977), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); *United States v. Perez, supra; United States v. Harris*, 458 F.2d 670, 673 (5th Cir.), *cert. denied*, 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972). To cause the type of compelling prejudice that prevents co-defendants from obtaining a fair trial, the defenses must conflict to the point of being irreconcilable and mutually exclusive. *United States v. Swanson, supra; United States v. Wilson*, 500 F.2d 715 (5th Cir. 1974), *cert. denied*, 420 U.S. 977, 95 S.Ct. 1403, 43 L.Ed.2d 658 (1975).

■ This record discloses that the defenses asserted by Blanks and Crawford were

---

1. One of the factors that caused this court to require a severance in *DeLuna v. United States*, 308 F.2d 140 (5th Cir. 1962), has been said to have been the antagonism of the defenses asserted by the co-defendants. *See, Gurleski v.*

*United States*, 405 F.2d 253, 265 (5th Cir. 1968), *cert. denied*, 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769; 8 *Moore's Federal Practice*, ¶ 14.-04[3] at 14–44 (1977).

irreconcilable as well as mutually exclusive. The sole defense of each was the guilt of the other. Blanks incriminated Crawford and exculpated himself at every opportunity. Crawford, on the other hand, attempted to show that he was not culpable because Blanks alone had possession of the firearm. Each was the government's best witness against the other. Each defendant had to confront not only hostile witnesses presented by the government, but also hostile witnesses presented by his co-defendant. Witnesses against each defendant were thus examined by one adversary and cross examined by another adversary. A fair trial was impossible under these inherently prejudicial conditions.

■ Before trial, when defendants first moved for severance, the trial court was aware that each defendant had given a statement directly implicating the other and that the defenses asserted by the defendants would be antagonistic. *See, United States v. Johnson*, 478 F.2d 1129 (5th Cir. 1973). As the trial progressed, repeated motions for severance were overruled although the inevitability of prejudice should have become apparent. Under Rule 14 the trial court's duty to sever when prejudice appears, continues throughout the trial. *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); *United States v. Clark*, 480 F.2d 1249 (5th Cir. 1973), *cert. denied*, 414 U.S. 978, 94 S.Ct. 301, 38 L.Ed.2d 222 (1973). Because the evidence was uncomplicated and only two defendants were involved, the inconvenience and expense of separate trials would not have been great. *United States v. Johnson, supra; United States v. Harris, supra; Schaffer v. United States, supra.*

Although the evidence of each defendant's individual guilt was strong, this joint trial was intrinsically prejudicial. A severance should have been granted. Application of the standard governing our review requires that each of these defendants be

granted a new and separate trial. *Kotteokos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *Barton v. United States*, 263 F.2d 894 (5th Cir. 1959).[2]

REVERSED and REMANDED.

CHARLES CLARK, Circuit Judge, dissenting:

With deference to the majority, I am left with neither a definite nor a firm conviction that the defendants were legally prejudiced by their joint trial. The government contended that both defendants possessed the sawed-off shotgun which was lawfully discovered under the dashboard of the car they had jointly occupied. The common defensive tactic used by both Crawford and Blanks was to claim that the other was the sole possessor of the contraband weapon. While the I-didn't-he-did defense of each defendant was antagonistic to the use of the same tactic by the other defendant, the common assertion of these cross-accusations could be reconciled under the third possibility: joint possession. No case relied on by the majority finds abuse of discretion in denying severance in this same fact matrix.

Our appellate task is to review the exercise of discretion by the trial judge who rules on a motion for severance, not to reexercise that discretion here. Discretion in ruling on a request for severance rests upon a balancing of the interests of defense and prosecution. Even aside from the fact that a sawed-off shotgun in an automobile is about as apparent as an elephant in a bathtub, the government's contention of joint possession should not be ignored in the balancing process. The prejudice to prosecution resulting from separate trials in which each defendant could lay off on the other (who could make himself unavailable by invoking the fifth amendment) was a proper weight to place in the scales. The interest of the people in justice, which would be served by allowing a single jury to decide between the three possible versions

---

**2.** "If the appellate court is left with a definite and firm conviction that a defendant may have been prejudiced by the refusal to give him relief from joinder, it must reverse the conviction."

1 C. Wright, *Federal Practice & Procedure*, § 227 at 470 (1969), quoted in *United States v. Johnson*, 478 F.2d 1129, 1134 n.8 (5th Cir. 1973).

of possession, outweighs the privilege of the defendants to enjoy an advantage in the presentation of their respective disclaimers. I do not discern any abuse of discretion here.

Because I find no merit in issues raised as to proof of prior acts of possession or as to the trial judge's findings on the Youth Corrections Act, matters which the majority did not have to reach, I would affirm.