**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl LEE, Defendant-Appellant.**

**No.  83–2675.**

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1984.

Rehearing and Rehearing En Banc
Denied Nov. 9, 1984.

Roy Beene, Houston, Tex., for defendant-appellant.

Daniel K. Hedges, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., Mildred M. Matesich, Atty., William Bradford Reynolds, Jessica Dunsay Silver, Dennis J. Dimsey, Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before GEE, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Carl Lee was jointly tried with three fellow San Jacinto County, Texas law enforcement officers on charges of violating and conspiring to violate the civil rights of prisoners in their custody. The sole issue Lee presses in this appeal is whether the trial judge abused his discretion in denying him a severance. Finding no abuse, we affirm.

### I.

Lee was indicted along with two other deputies, Floyd Baker and James Glover, and the County Sheriff, James Parker, based on a number of incidents in which prisoners were subjected to a "water torture" in order to prompt confessions to various crimes. On the morning trial was to begin, Floyd Baker's counsel informed the court and his co-defendants that Baker intended to admit the government's allegations were true but would argue that he did not have the "state of mind" required for criminal liability. Lee, Glover and Parker each intended to defend on the ground that they did not participate in any torture incidents and were unaware that any such incidents were taking place. Counsel for the other defendants immediately moved for severance. The district court deferred a ruling on these motions pending some clarification of exactly what Baker's defense and testimony would be.

At trial, Baker's defense as developed by his counsel and his testimony rested on two points. The first was that he actively participated in only a single torture episode, and then only because ordered to do so by his superiors—a "Nuremberg defense." The second was that while he believed the torture of prisoners immoral, he did not at the time think it was illegal. In the course of Baker's testimony, he identified Lee as a participant in the torture of several prisoners. Seven other witnesses also connected Lee with various torture incidents. At the close of the evidence, the district judge severed Baker, and put the case of the remaining defendants to the jury. Lee was convicted on three counts. In this appeal he contends that Baker's defense was in such conflict with his own that he should have been granted a severance at the beginning of trial.

## II.

The groundwork of our decision today has long since been laid in the decisions of this court. Defendants indicted together should, as a rule, be tried together. Federal Rule of Crim. Procedure 14, however, allows a trial judge to order a severance if it appears that a defendant will be prejudiced by a joint trial. The severance decision is reviewed under an abuse of discretion standard, and to prove an abuse the defendant undertakes the considerable burden of proving "that he received an unfair trial and suffered compelling prejudice against which the trial court was unable to afford protection." *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir.1984); *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir.1981).

When co-defendants raise conflicting defenses, this test is met and severance is required when the defenses are "antagonistic to the point of being irreconcilable and mutually exclusive." *Romanello*, 726 F.2d at 177. The standard for mutual exclusivity is that: "[t]he essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id.* Defendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance. *Id., United States v. DeVeau*, 734 F.2d 1023, 1027 (1984).

Our initial inquiry is thus whether in order to believe the core of Baker's defense—that he participated in the torture only because ordered to do so by his superiors and did not know that it was illegal—the jury had necessarily to disbelieve Lee's defense—that he did not take part in any of the incidents. Lee's participation or lack thereof in the torture sessions obviously is irrelevant to Baker's belief in the legality of his own actions. In order for the cores of these defenses to conflict, it is necessary that Baker have contended that Lee was one of the superiors who ordered him to take part in the torture.

We have examined the entire record in this case, and must conclude that if Floyd Baker did indicate that Carl Lee ordered him to torture anyone it was only in an extremely impersonal and indirect fashion. It is true that Baker's counsel made some efforts to develop the fact that Lee had greater seniority than Baker and Baker considered Lee his superior. Baker did not testify at any point, however, that Lee ordered him to torture anyone. According to Baker's testimony and his counsel's opening statement, the actual orders came from James Glover.

More important, the underlying purposes of the rule requiring severance when irreconcilable defenses are raised are not implicated in this case. Perhaps the primary danger against which the rule is designed to guard is that of a defendant having to face what amounts to two prosecutors—the state and his co-defendant. *United States v. Crawford*, 581 F.2d 489, 492 (5th Cir. 1978); *United States v. Sheikh*, 654 F.2d 1057, 1066 (5th Cir.1981), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982); *United States v. Johnson*, 478 F.2d 1129, 1132 (5th Cir.1973). Examination of the record in this case convinces us that Baker's counsel simply cannot be cast in the role of the second prosecutor. His examination of witnesses was directed toward establishing Baker's innocence, not toward damning Carl Lee.

The rule is also designed to prevent a situation in which each defendant is the government's best witness against the other. *Crawford*, 581 F.2d at 492; *Berkowitz*, 662 F.2d at 1134. Baker was without doubt a strong witness against Lee, but the government's case was based on the testimony of seven witnesses in addition to Baker. Three of these were former law enforcement officials. In such a situation it can hardly be said that Baker was the government's "best witness."

Since the defenses raised here are not mutually irreconcilable, we must now determine whether Lee yet suffered compelling prejudice as a result of the failure to sever. We conclude that he did not. In

this determination we must balance the public's interest in economy of judicial administration with the possible prejudice to the defendant. *United States v. Salomon*, 609 F.2d 1172, 1176 (5th Cir.1980); *United States v. Sudderth*, 681 F.2d 990, 996 (5th Cir.1982). Again there is no doubt that Baker's testimony was extremely damaging to Lee, but Baker would have been available as a government witness even in a separate proceeding. Again, seven other witnesses, three of whom were former law enforcement officers, connected Lee with the torture. As in *United States v. Herring*, 602 F.2d 1220, 1225 (5th Cir.1979), *cert. denied*, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 732 (1980), this is a case in which severance would have resulted in separate proceedings concerning the same transactions, and in which the same evidence would have been presented.

In short, we conclude that the defenses raised by Lee and Baker were not so irreconcilable as to be mutually exclusive, and Lee did not suffer compelling prejudice.

AFFIRMED.