817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Henry J. NOWAK, Jr. (86-3184), Pete Alex (86-3255),
Defendants-Appellants.
 Nos. 86-3184, 86-3255.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pete Alex and Henry Nowak raise a number of issues in challenging their convictions arising out of their jury trial for mail fraud. Alex raises three arguments on appeal: (1) that the trial court abused its discretion in not severing his trial from Nowak's; (2) that some testimony against him was improperly admitted; and (3) that there was insufficient evidence to support his conviction. Nowak offers five arguments: (1) that the government improperly failed to surrender some "Brady material"; (2) that the district court improperly excluded exculpatory testimony as hearsay; (3) that the district court improperly limited cross-examination of a government witness; (4) that the district court improperly permitted the government to draw out on cross-examination Nowak's personal history; and (5) that the district court erred in its instructions to the jury on the elements of mail fraud. After a review of the record, we conclude that there is no reversible error and consequently affirm.
 
 
 2
 The mail fraud involved a scheme devised by Nowak and Alex in 1983 in which they enticed people to invest in chemical cleaning products distributorships. Of their company, Pacific Chemical Products. They advertised that with an investment of $6,500 one would reap large profits by delivering cleaning chemicals to customers provided by Pacific Chemical; the investors were to mail in their money to Pacific's home office in Cleveland, Ohio. After receiving investments from "affiliates," Alex and Nowak sent them kits that included a training tape made by Nowak containing false information. The chemicals delivered to affiliates were apparently worth $2,000 rather than $6,500, and although Pacific promised to buy back unsold chemicals, only two affiliates ever received refunds.
 
 
 3
 As for Alex's arguments, all three are without merit. With regard to his severance contention, the issue is whether the defense theories are in conflict such that the jury, in order to believe one defense must necessarily disbelieve the other. See U.S. v. Lee 744 F.2d 1124 (5th Cir. 1984). The defenses of Alex and Nowak were consistent, for both sought to show lack of fraudulent intent. Applying the abuse of discretion standard applicable here, see United States v. Hamilton, 684 F.2d 380 (6th Cir.), cert. denied. 459 U.S. 976 (1982), we see no actual prejudice to Alex and reject the severance argument. In his second argument, Alex contends that statements made by salesmen were improperly admitted because no authorization was shown. This argument is also flawed. There was a great deal of evidence admitted at trial showing the fraudulent content of defendants' salespitches, not the least of which was the tape made by Nowak. Moreover, there was testimony verifying that Alex had authorized various statements by salesmen. Finally, in his sufficiency of evidence argument, Alex asserts that he believed in good faith that the company would succeed and thus was not trying to defraud anyone. In reviewing a jury verdict for sufficiency of evidence, we must take an the evidence in the light most favorable to the government. See, e.g., United States v. Wentland, 582 F.2d 1022 (5th Cir. 1978), cert. denied, 439 U.S. 1133 (1979). In view of the substantial amounts of incriminating evidence, we cannot say that a reasonable juror could not have found against Alex.
 
 
 4
 Nowak's claims are similarly insubstantial. We deal first with the Brady argument. During trial, Nowak received Jenks Act material containing statements made by government witness Martin revealing that Alex had induced Nowak to leave town by duping him into believing he was under a drug investigation. Nowak claims that this information should have been turned over to him before trial in response to his request for exculpatory information regarding Alex's control of Pacific Chemical, a request that Nowak made pursuant to Brady v. Maryland, 373 U.S. 83 (1963). According to Nowak, this evidence would have proved he was an unwitting participant in the fraud-that he lacked the requisite criminal intent. But Nowak's argument faces a couple of problems. First, his request was not specific enough-it was simply for "information regarding Alex's control of Pacific Chemical." Second, the information does not appear material to Nowak's defense. See United States v. Parker, 586 F.2d 422 (5th Cir. 1978), cert. denied, 441 U.S. 962 (1979). The case against Nowak is based on his participation in the fraud before his break with Alex in late 1983.
 
 
 5
 We next address Nowak's claim that some exculpatory testimony was improperly excluded. One of the government's witnesses, Postal Inspector Dash, testified that Nowak made admissions to him during two conversation; Dash wrote memoranda after both describing the conversations. On direct examination by the government, parts of these memoranda were read to refresh Dash's memory. Nowak sought to have other parts brought out, specifically those parts recording Nowak's assertions that Alex made all of the decisions and handled all of the money for Pacific Chemical, and those parts indicating that Nowak thought that Pacific Chemical would be a successful business enterprise. He offered several theories in trying, to show that these statements should have come in, of which seem worth mentioning.
 
 
 6
 Nowak argues that under Rule 803(3) of the Federal Rules of Evidence, the state of mind exception, the whole memoranda should have been admitted. He claims that the statements are reflective of his state of mind at the time of the conversations with Dash. But, as the government points out, the government did not try to show that Nowak's story was "newly concocted." Thus, Nowak's state of mind while speaking to Dash was irrelevant and this exception inapplicable. Nowak also contends that Rule 612 of the Federal Rules of Evidence (writing used to refresh memory) also authorizes the admission into evidence of the contested material out of the need for completeness. The rule of completeness, however, authorizes the admission of only so much of the document as necessary "to explain the portion already in evidence as fully as the document may allow, [and] does not extend to portions which are irrelevant to the initial use." Camps v. NYC Transit Authority, 261 F.2d 320, 322 (2d Cir. 1958). Nowak thus cannot claim that Rule 612 demands the admission of all of Dash's memoranda.
 
 
 7
 Nowak next finds fault with the district court's limiting of crossexamination. Nowak sought in several instances to cross-examine government witnesses with charts the they had never seen before and the district court, properly within the pale of its discretion, restrained the cross-examination. Nowak also complains about the admission of "other offense" evidence that was brought out on cross-examination of him. Once Nowak testified as to his background, the government had a right to examine that background on crossexamination. As we have said before, "It is well settled that the past conduct of a witness can be probative of truthfulness or untruthfulness." United States v. Qaoud, 777 F.2d 1105, 1112 (6th Cir. 1985).
 
 
 8
 Finally, Nowak asserts that the jury instructions on the elements of mail fraud were flawed. He concedes that the instructions complied with our ruling in United States v. Stull 743 F.2d 439 (6th Cir. 1984), but complains that as part of the good faith instruction the court improperly instructed the jury that self-delusion does not justify baseless representations and is not good faith. But the phrase "baseless representations" implies a knowledge that there is no basis for the statements and an absence of good faith.
 
 
 9
 The judgments as to both defendants are affirmed.