NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-477

COMMONWEALTH

vs.

MICHAEL DEPERSIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant, Michael Depersis, and his codefendant, Matthew MacDougall, were both convicted of carrying a firearm without a license. On appeal, the defendant argues that (1) the licensing statute under which he was prosecuted was facially unconstitutional; (2) the jury instructions erroneously permitted conviction on a "possession through another" theory without requiring proof that the defendant knew the codefendant lacked a license to carry; (3) the trial judge erred by permitting the Commonwealth to supply essential evidence on redirect examination of a witness; and (4) a different judge (motion judge) erred in denying the

defendant's motion to sever his trial from that of his codefendant.[1]  We affirm.

Discussion.  1.  Facial challenge to firearm licensing scheme.  The defendant contends that the charges against him should have been dismissed because the Massachusetts firearm licensing statute in effect at the time of his arrest, G. L. c. 140, § 131 (d), as amended through St. 2018, c. 123, §§ 11, 12, was facially unconstitutional under New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 17 (2022).  This claim is unavailing for the reasons set forth in Commonwealth v. Rodriguez, 496 Mass. 627, 639-642 (2025).

2.  Jury instructions.  The defendant argues that the judge's instructions regarding possession of a firearm without a license "through another person" were improper.  He contends that liability under such a theory required the jury to find that the other person's possession was itself unlawful and that the defendant knew it was unlawful.  Because the defendant did not object to the judge's instructions, "we review for any error that could have created a substantial risk of a miscarriage of justice."  Commonwealth v. Sann Than, 442 Mass. 748, 752 (2004).  The Commonwealth proceeded on a theory of principal liability -- that the defendant himself possessed the firearm, either

---

[1] The codefendant's appeal, if any, is not before us.

2

actually or constructively -- rather than on a theory of joint venture liability.

The judge instructed that possession requires "knowledge of the object, the ability to exercise control over that object, either directly or through another person," and the "intent" to do so, and cautioned that mere presence is insufficient. These instructions properly tracked the settled definition of constructive possession. See Sann Than, 442 Mass. at 755; Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004).

The defendant's argument conflates constructive possession with joint venture liability. To prove a defendant guilty of unlawfully possessing a firearm as a joint venturer, the Commonwealth must show that the defendant knew that the principal possessed the firearm unlawfully. See Commonwealth v. Severino, 106 Mass. App. Ct. 170, 177 (2025) ("an essential element of joint venture liability for [a firearms possession offense] is that the coventurer lacked a firearms license"). Constructive possession, by contrast, focuses on the defendant's own relationship to the firearm. See Commonwealth v. Francis, 104 Mass. App. Ct. 593, 601-602 (2024). Accordingly, the Commonwealth needed to prove only that the defendant's possession was unlawful.

Because the Commonwealth did not proceed on a joint venture theory and the instructions accurately stated the law of constructive possession, no error occurred.

3. Redirect testimony. The defendant next argues that the judge erred in permitting the Commonwealth, on redirect examination, to ask the booking officer the defendant's date of birth, a topic not addressed during cross-examination.

Trial judges have "considerable discretion over the scope of redirect examination." Commonwealth v. Garcia, 470 Mass. 24, 36 (2014). See Commonwealth v. Smith, 329 Mass. 477, 479 (1952) ("[T]he extent to which redirect examination of a witness may be directed as to matters not brought out in cross-examination is within the discretion of the judge"). Reversal for abuse of discretion is warranted only where the judge's ruling reflects "a clear error of judgment . . . such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). The judge's ruling here fell well within the range of reasonableness.

In Commonwealth v. Rodriguez, 75 Mass. App. Ct. 235, 245-246 (2009), this court held that a trial judge did not abuse her discretion in permitting the Commonwealth, on redirect examination, to introduce testimony beyond the scope of cross-

4

examination concerning the distance of the defendant's drug offense from a nearby school, where the defendant did not demonstrate unfair prejudice.  Here, the defendant has no plausible claim that the testimony about his date of birth resulted in surprise or unfair prejudice.  Moreover, even if the officer's response was excluded, the Commonwealth could have recalled him later or could have called another witness to testify about the defendant's date of birth.  See Commonwealth v. Shine, 398 Mass. 641, 656 (1986) (prosecution permitted to reopen case and recall witness to introduce material evidence). The judge's "time-saving decision" to permit the testimony on redirect was not an abuse of discretion.  Rodriguez, supra at 246.

For the first time on appeal, the defendant argues that the booking officer's recollection was improperly refreshed by his booking report.  We discern no error, let alone a substantial risk of miscarriage of justice.  "A witness may use a writing to refresh a failing memory.  However, the testimony which the witness then gives must be the product of present recollection." Commonwealth v. Hoffer, 375 Mass. 369, 376 (1978).  The officer testified that reviewing the report refreshed his recollection as to the defendant's date of birth, and he testified based on his refreshed recollection.  As the prosecutor followed the book

5

in refreshing the officer's recollection, see Mass. G. Evid. § 612(a) (2025), and the defendant did not object, the judge did not abuse her discretion by failing to exclude the testimony sua sponte.

4. <u>Joinder and motion to sever</u>.  Finally, the defendant contends that the motion judge erred in denying his motion to sever his trial from that of his codefendant.  He argues that the codefendants advanced mutually antagonistic defenses such that acceptance of one defense necessarily undermined the other, thereby creating a substantial risk of prejudice that could not be cured by jury instructions.

"[T]he decision whether to join offenses for trial is a matter left to the sound discretion of the judge, and will not be reversed unless there has been a clear abuse of discretion" (quotation and citations omitted).  <u>Commonwealth</u> v. <u>Pillai</u>, 445 Mass. 175, 179-180 (2005).  "Denial of a motion for severance is an abuse of discretion when the prejudice resulting from a joint trial is so compelling that it prevents a defendant from obtaining a fair trial" (quotation and citation omitted).  <u>Commonwealth</u> v. <u>Vasquez</u>, 462 Mass. 827, 836 (2012).

"It is not enough for the defendant to show merely that his chances for acquittal would have been better" if he had been tried alone.  <u>Commonwealth</u> v. <u>Wilson</u>, 427 Mass. 336, 346-347

6

(1998).  Rather, "severance is required only if the defenses are both mutually antagonistic (or mutually exclusive) and irreconcilable."  Vasquez, 462 Mass. at 836.  Defenses reach that level where "[t]he sole defense of each [defendant] was the guilt of the other."  Commonwealth v. Moran, 387 Mass. 644, 656 (1982), quoting United States v. Crawford, 581 F.2d 489, 492 (5th Cir. 1978).

The record does not support the defendant's characterization of the defenses as mutually antagonistic. During opening statements, counsel for the defendant argued that the Commonwealth would be unable to prove that the defendant fired the weapon, possessed it, or "did anything wrong that night," emphasizing that he was merely a passenger in the vehicle and that the evidence would not identify him as the person who possessed or discharged the firearm.  Counsel for the codefendant advanced a similar theory, arguing that the Commonwealth would be unable to prove that MacDougall possessed or controlled the firearm, and highlighting the absence of fingerprint, DNA, or gunshot residue testing.  Both defendants thus sought to create reasonable doubt by challenging the sufficiency and reliability of the Commonwealth's evidence rather than by attributing culpability to the other.  Thus, the defendant has not demonstrated the type of compelling prejudice

that warrants severance, and the motion judge did not abuse his discretion in denying the motion.

Judgment affirmed.

By the Court (Massing,
  Singh & Grant, JJ.[2]),

Clerk

Entered:  April 15, 2026.

---

[2] The panelists are listed in order of seniority.