**Ralph RIVELLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44345.**

Court of Criminal Appeals of Texas.

Dec. 14, 1971.

Rehearing Denied March 8, 1972.

Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder. Two defendants were tried together upon pleas of guilty and the punishment was assessed against each at life by the jury. Each defendant was represented by different retained counsel. Only this appellant appealed.

There were no witnesses to the killing. Both defendants stipulated in writing that they killed the deceased. The evidence which was introduced does not indicate that one did any acts differently from the other in the commission of the offense. This appellant testified and stated that he was sorry that he had committed the act and asked for probation. He did not mention his co-defendant. The co-defendant did not testify.

Appellant's first ground of error is that the court erred in ruling that counsel

might not argue to the jury that the co-defendant had not testified and told the jury that he was sorry; whereas, the appellant had so testified.

We have concluded that the court's refusal to permit such argument was correct under the holding of the 5th Cir. Ct. of Appeals in Gurleski v. United States, 405 F.2d 253. That was a joint trial.

We quote from such opinion:

"The De Luna rule [De Luna v. United States, 5 Cir., 308 F.2d 140] applies only when it is counsel's duty to make a comment, and a mere desire to do so will not support an incursion on a defendant's carefully protected right to silence. Clearly, a duty arises only when the arguments of the co-defendants are antagonistic.

" * * * None sought to escape criminal responsibility by blaming the others. The only testimony of the defendant in Hayes, like Smith at the trial below, was that he had committed no wrongful acts. The court held that where a defendant makes only a simple statement of his innocence, *no benefit could inure to such defendant by allowing him to call the jury's attention to the fact that co-defendants did not testify.* Any imaginable benefit would have to be weighed against the possible detriment to the other defendants. There has been no showing that the court's order hindered appellant's trial strategy. There has been no showing of possible prejudice remotely comparable to that in De Luna. Appellant's counsel has shown us no duty to bring the silence of other defendants to the jury's attention. The judge's order was not erroneous or prejudicial."

We, therefore, find there was no duty on the part of counsel to make the comment he desired nor do we find that the argument of the co-defendant was antagonistic to this appellant. We further note that counsel was permitted to argue without objection that "These boys are sorry for what they have done."

Appellant's second ground of error is the court erred in overruling his motion for a severance. When the motion was presented the State stipulated that they would not mention the prior conviction against the appellant's co-defendant and no mention was made throughout the trial; therefore, the appellant has shown no injury.

Appellant contends that the court erred in denying his co-defendant's motion for a memorandum of the grand jury proceedings in which he attempted to join orally.

"In the absence of any showing of a particularized need for such record, the trial judge did not err in overruling the motion." Bryant v. State, Tex.Cr.App., 423 S.W.2d 320.

Appellant's last ground of error is stated in his brief as follows:

"Appellant urges that the overruling of Appellant's Motion to Quash the Indictment constitutes reversible error."

His ground of error is not briefed and no argument is presented in the brief. This is not a sufficient compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

Finding no reversible error, the judgment is affirmed.