Victor Lynn DE GRATE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 49387, 49388.

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Robert M. Jones, Dallas, Court Appointed, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wichelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offenses are robbery by assault and rape; the punishment, 50 years for each.

In view of our disposition of appellant's final ground of error, the other grounds need not be considered at this time.

Appellant complains of improper cross-examination of his reputation witness by co-defendant's counsel. The record reflects that appellant called Jacky Townsel, a resident of Irving, appellant's hometown. Townsel testified that he had known appellant all of appellant's life and that appellant's reputation in the community for being peaceful and law abiding was good.

Prior to trial this appellant had filed a motion to sever on the grounds that his defense of lack of participation in the offense was antagonistic to the defenses of the other defendants. The motion was overruled and thus placed co-defendant's counsel in a position adverse to appellant and comparable to that of the prosecutor.[1]

On cross-examination, counsel for co-defendant Hawkins questioned Townsel as follows:

"Q *Do you know* that Victor De Grate has been handled by the police several times in juvenile matters?

MR. JONES: I object to that. It is highly improper.

THE COURT: I overrule the objection.

MR. JONES: Note our exception.

Q *Did you know* that the Defendant Victor De Grate has been handled by the police several times in juvenile matters?

A I know he had one time.

Q One time, does that affect your consideration of him about being a peaceful and law abiding citizen?

A It doesn't." (Emphasis added.)

On appeal appellant claims specifically that the question was asked in bad faith and that it was improper in form.

It has been clearly established that while a reputation witness may be asked whether he has heard of acts of the accused inconsistent with the reputation he has testified to, the State is expressly prohibited from framing the interrogatories to imply specific acts of misconduct or to imply that appellant was in fact guilty of said acts. Simpson v. State, Tex.Cr.App., 493 S.W.2d 793; Webber v. State, Tex.Cr.App., 472 S.W.2d 136. This rule applies to the co-defendant under the circumstances of this case.

Appellant's objection in the case at bar was overruled, and the trial court made no attempt to minimize the harm. Error was clearly prejudicial.

To the extent that Bain v. State, Tex. Cr.App., 492 S.W.2d 475, is inconsistent with this holding, it is hereby overruled.

I accept the concurring opinion of my brother Odom as a portion of this opinion.

---

1. See DeLuna v. United States, 308 F.2d 140 (Fifth Circuit, 1962) for a discussion of the concept that counsel for a co-defendant as well as a prosecutor can harmfully violate the rights of a defendant.

The judgments are reversed and the causes remanded.

ODOM, Judge (concurring).

I concur in the results reached in this case only because the record demonstrates the antagonism between the positions of appellant and his co-defendant on behalf of whom the improper question was asked. This Court should decide issues such as this one on a case by case basis, and in each instance where the alleged error was injected by a co-defendant take a long look to ascertain whether there has been an attempt to "create built-in reversible error [at] the discretion of the defendants." De-Luna v. United States, 308 F.2d 140 (5th Cir. 1962), concurring opinion at 156. Where, as in Rivello v. State, Tex.Cr.App., 476 S.W.2d 299, the trial court refuses to permit action by one defendant which would be prejudicial and antagonistic toward a co-defendant or where the trial court takes prompt action to correct improper action by a joint defendant and is successful in minimizing possible harm, as should have been done here, we would be confronted by a different question, and perhaps a different standard would apply.

With these qualifications, I concur in the results.