Nilda AGUILAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–339–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 15, 2001.

Douglas Tinker, John S. Gilmore, Jr., Gilmore & Granberry, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Audrey Mullert Vicknair, Chaves, Gonzales & Hoblit, Corpus Christi, for the State.

Before: Justices DORSEY, RODRIGUEZ, and CHAVEZ.[1]

## OPINION ON REMAND

RODRIGUEZ, Justice.

This case comes to us on remand from the Texas Court of Criminal Appeals. Nilda Aguilar, appellant, raises three points of error on remand. We affirm.

Appellant, and her step-daughter, Evangelica Aguilar (Evie), were tried together before a jury for the murder of Juan Aguilar, the husband of appellant and father of Evie. Appellant filed a motion for severance prior to trial, and several motions for severance during trial, on the grounds that she and her co-defendant, Evie, had inconsistent defenses. The trial court denied appellant's motions for severance. The jury found both women guilty of murder and assessed their punishment at twenty-five years confinement. On appeal to this Court, appellant argued there was insufficient evidence to support her conviction, and that the trial court erred in overruling her motions for severance and in failing to instruct the jury on the accomplice-witness rule. We affirmed the conviction, finding, *inter alia*, that appellant's motions to sever filed after the commencement of trial were untimely and, consequently, properly denied. *Aguilar v. State*, 13–97–339–CR, 1999 Tex.App. LEXIS 3479 (May 6, 1999) (unpublished), *vacated*, 26 S.W.3d 901 (Tex.Crim.App.2000).

■ Appellant filed a petition for discretionary review with the court of criminal appeals, which the court granted "to determine if appellant's requests for severance made during trial were timely presented and should have been considered on the merits, when, according to appellant, they were made after evidence was presented that was so prejudicial that a severance was warranted." *Aguilar v. State*, 26 S.W.3d 901, 903 (Tex.Crim.App.2000). The court of criminal appeals vacated the

judgment of this Court and remanded for proceedings consistent with its opinion, holding that "the trial court has a continuing duty to order a severance after trial begins upon a showing of sufficient prejudice." *Id.* at 909. The court announced that "a motion to sever on the grounds of unfair prejudice under Art. 36.09 is 'timely' if made at the first opportunity or as soon as the grounds for prejudice become apparent or should have become apparent, thus providing the trial court an opportunity to rule on the potentially prejudicial evidence at the time it is introduced." *Id.* at 910. The court explained that in the instant case, Evie made accusations against appellant for the first time when she testified; appellant could not have been aware of this "potentially prejudicial" testimony before trial and could not have presented it pre-trial in an attempt to show prejudice and obtain a severance. As the court noted, "[w]hen unduly prejudicial evidence first emerges during trial, it is neither logical nor reasonable to mandate that a motion to sever based on prejudicial grounds be presented pre-trial, a time when the prejudice is neither known nor demonstrable." *Id.* at 910.

■ Because the court of criminal appeals found that appellant's motions to sever, made after commencement of trial, were timely, we consider whether the denial of the motions constituted an abuse of discretion. *See* TEX.CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981).

■ Article 36.09 of the code of criminal procedure provides, in relevant part:

[I]n cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose

---

1. Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

joint trial would prejudice the other defendant or defendants.

*Id.* Severance is not a matter of right, but lies within the sound discretion of the trial court unless a joint trial would prejudice a co-defendant as a matter of law. *Smith v. State,* 998 S.W.2d 683, 686 (Tex.App.— Corpus Christi 1999, pet. ref'd); *Garza v. State,* 622 S.W.2d 85, 91 (Tex.Crim.App. 1981). An appellant who challenges the denial of a motion for severance must satisfy the heavy burden of showing clear prejudice. *King v. State,* 17 S.W.3d 7, 16 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd); *Silva v. State,* 933 S.W.2d 715, 719 (Tex.App.—San Antonio 1996, no pet.).

A showing of clear prejudice based on an allegation that the co-defendants' defenses are inconsistent is apparently established if the co-defendants' respective positions are mutually exclusive to the extent that, "the jury in order to believe the core of one defense must necessarily disbelieve the core of the other." *Goode v. State,* 740 S.W.2d 453, 455 n. 2 (Tex.Crim.App.1987) (in dicta) (quoting *United States v. Lee,* 744 F.2d 1124, 1126 (5th Cir.1984), citing *DeGrate v. State,* 518 S.W.2d 821, 822 (Tex.Crim.App.1975)); see *King,* 17 S.W.3d at 17–18; *Silva,* 933 S.W.2d at 719.[2] In *Lee,* the Fifth Circuit Court of Appeals opinion quoted by *Goode,* the court held there was no abuse of discretion in denying a severance where the core of the defenses were not in conflict. *Id.* at 1126. There, the appellant and several law enforcement officers were charged with violating prisoners' civil rights by subjecting them to "water torture" in order to procure confessions. *Id.* at 1125. The appellant's defense was that he did not participate in any torture and that he was unaware of any such torture. *Id.* One of his co-defendants, Baker, maintained as his defense that although the allegations of torture were true, he was ordered to participate in the torture. During trial Baker identified the appellant as a participant in the torture.

Despite the fact that Baker testified that the appellant participated in the torture, which was contrary to the appellant's defense, the court held the defenses were not mutually exclusive. As the court noted, for the core of their defenses to conflict, it would have been "necessary that Baker have contended that [the appellant] was one of the superiors who ordered him to take part in the torture." *Id.* at 1126. The court stated, "[d]efendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance." *Id.* (citations omitted).

Some of our sister courts of appeals have reviewed denied motions for severance based on inconsistent, defenses and have applied the mutually exclusive defense standard articulated in *Goode. King v. State,* 17 S.W.3d 7, 17–18 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd), concerned a businessman who, along with his business partner, obtained funds from wealthy investors under the pretense of starting new ventures. The two men were charged with aggregate theft, tried together, despite raising a timely motion to sever, and King was found guilty. *Id.* at 12–13, 17. On appeal, King contended the trial court erred in denying the motion for severance because the co-defendants had mutually exclusive defenses. *Id.* at 16. The court found that there was no evidence to show that either King or his partner believed the other was guilty of the offense; instead, the record showed that their positions were entirely consistent. *Id.* at 17. Thus, the co-defendants' defenses were not mutually exclusive in

---

**2.** We note that neither *Goode* nor *DeGrate* were appeals from denials of motions to sever based on inconsistent defenses. *See Goode,* 740 S.W.2d at 454 (reviewing trial court's denial of a motion for mistrial based on court's limiting appellant to nine peremptory challenges and severing the jointly tried co-defendant during the State's case-in-chief for mutually exclusive defenses); *DeGrate,* 518 S.W.2d at 822 (reviewing complaint of improper cross-examination of reputation witness by co-defendant's counsel).

the sense that "the jury in order to believe the core of one defense must necessarily disbelieve the core of the other." *Id.* at 17–18 (citation omitted) (quote taken from *Goode* and *Lee* ).

In *Silva v. State,* 933 S.W.2d 715, 718 (Tex.App.—San Antonio 1996, no pet.), the Fourth Court of Appeals found a trial court abused its discretion in denying a motion for severance where there were mutually exclusive defenses. There, two co-defendants were indicted for murder and aggravated robbery and tried together before a jury. Upon conviction, Silva appealed the denial of his motion for severance, asserting, *inter alia,* the trial court abused its discretion because of inconsistencies in the co-defendants' positions. *Id.* at 718. As his alibi, Silva maintained that he was not at the scene of the crime when the robbery occurred and that the State's witness misidentified him as being present. *Id.* His co-defendant, conversely, admitted that both he and Silva were present when the robbery occurred, and that Silva was the triggerman. *Id.* Notably, Silva was precluded from using this oral statement as impeachment evidence because the trial court granted the co-defendant's motion to suppress. *Id.* The court of appeals, reiterating the "core of one defense" standard from Goode, found that the defenses were mutually exclusive and held that the denial of the motion for severance constituted an abuse of discretion. *Id* . at 719.

■ Here, appellant contends severance was proper because she and her co-defendant had inconsistent alibis. The core of both Evie and appellant's defenses was that they were together on the night of Juan's murder. Their alibis diverge, however, when the two met in a park. According to appellant's statement, she and Evie drove in separate cars to a park where they sat by the water and talked. After leaving the park, they went to Evie's house and appellant spent the night. The next

morning appellant returned home and found the patio door ajar. She discovered Juan's body on the bed and assumed he killed himself. Appellant called the police.

Evie testified that instead of returning to her house after leaving the park, she and appellant drove for a while and eventually stopped. They got out of the car and appellant pointed a gun to Evie's stomach. Evie was four months pregnant at the time. Appellant told her that police were going to talk to her and that she would have to talk to them. She could tell them everything up to that point. She then made Evie get down on her knees and put the gun to Evie's head. Then, they drove to Evie's home and stayed there for the night.

Evie also testified appellant threatened the lives of her baby and her grandmother, and threatened to cut off her baby's fingers. This testimony surfaced for the first time at trial, despite Evie giving several statements to police prior to trial. In addition, Evie made reference to the fact that appellant was given two opportunities to testify before the grand jury.[3]

Although Evie's testimony conflicts to some degree with appellant's in that appellant did not include the foregoing events in her statement, and Evie's testimony implicitly[4] shifts the blame to appellant, we are unable to conclude that their respective positions are mutually exclusive to the extent that the jury in order to believe the core of one defense must necessarily have disbelieved the core of the other. The jury could have believed the core of appellant's alibi, that she was with Evie on the night of the murder, while simultaneously believing Evie's testimony. Moreover, we cannot say that Evie's reference to appellant's opportunities to testify before the grand jury constituted prejudice caused by the denial of the motions for severance. As the trial judge noted, if a severance had been granted, Evie could have volunteered

---

**3.** Appellant did not testify at trial or at the grand jury proceedings.

**4.** Evie testified she did not know who murdered her father.

the same information in the separate trial of appellant. We conclude the trial court did not abuse its discretion in denying appellant's motions for severance. Appellant's second issue is overruled.

For the reasons stated in our original opinion, we overrule appellant's first and third issues. *See Allen v. State*, 753 S.W.2d 792, 795 (Tex.App.—Beaumont 1988, no pet.) (overruling points of error for reasons stated in original opinion when court of criminal appeals reversed and vacated prior opinion, but did not address all points of error); *see also Williams v. State*, 821 S.W.2d 403, 406 (Tex.App.— Houston [1st Dist.] 1991, pet. ref'd) (declining to review points of error addressed in prior opinion which was reversed and remanded on other grounds).

The judgment of the trial court is AFFIRMED.