NUMBER 13-97-339-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI


___________________________________________________________________


NILDA AGUILAR
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________ 

OPINION ON REMAND



Before Justices Dorsey, Rodriguez, and Chavez(1) 


Opinion on Remand by Justice Rodriguez



 This case comes to us on remand from the Texas Court of Criminal
Appeals. Nilda Aguilar, appellant, raises three points of error on
remand. We affirm.

 Appellant, and her step-daughter, Evangelica Aguilar (Evie), were
tried together before a jury for the murder of Juan Aguilar, the husband
of appellant and father of Evie. Appellant filed a motion for severance
prior to trial, and several motions for severance during trial, on the
grounds that she and her co-defendant, Evie, had inconsistent
defenses. The trial court denied appellant's motions for severance. The
jury found both women guilty of murder and assessed their punishment
at twenty-five years confinement. On appeal to this Court, appellant
argued there was insufficient evidence to support her conviction, and
that the trial court erred in overruling her motions for severance and in
failing to instruct the jury on the accomplice-witness rule. We affirmed
the conviction, finding, inter alia, that appellant's motions to sever filed
after the commencement of trial were untimely and, consequently,
properly denied. Aguilar v. State, 13-97-339-CR, 1999 Tex. App. LEXIS
3479 (May 6, 1999) (unpublished), vacated, 26 S.W.3d 901 (Tex. Crim.
App. 2000). 

 Appellant filed a petition for discretionary review with the court of
criminal appeals, which the court granted "to determine if appellant's
requests for severance made during trial were timely presented and
should have been considered on the merits, when, according to
appellant, they were made after evidence was presented that was so
prejudicial that a severance was warranted." Aguilar v. State, 26
S.W.3d 901, 903 (Tex. Crim. App. 2000). The court of criminal appeals
vacated the judgment of this Court and remanded for proceedings
consistent with its opinion, holding that "the trial court has a continuing
duty to order a severance after trial begins upon a showing of sufficient
prejudice." Id. at 909. The court announced that "a motion to sever on
the grounds of unfair prejudice under Art. 36.09 is 'timely' if made at
the first opportunity or as soon as the grounds for prejudice become
apparent or should have become apparent, thus providing the trial court
an opportunity to rule on the potentially prejudicial evidence at the time
it is introduced." Id. at 910. The court explained that in the instant
case, Evie made accusations against appellant for the first time when
she testified; appellant could not have been aware of this "potentially
prejudicial" testimony before trial and could not have presented it pre-trial in an attempt to show prejudice and obtain a severance. As the
court noted, "[w]hen unduly prejudicial evidence first emerges during
trial, it is neither logical nor reasonable to mandate that a motion to
sever based on prejudicial grounds be presented pre-trial, a time when
the prejudice is neither known nor demonstrable." Id. at 910. 

 Because the court of criminal appeals found that appellant's
motions to sever, made after commencement of trial, were timely, we
consider whether the denial of the motions constituted an abuse of
discretion. See Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981).

 Article 36.09 of the code of criminal procedure provides, in
relevant part:

 [I]n cases in which, upon timely motion to sever,
and evidence introduced thereon, it is made
known to the court that there is a previous
admissible conviction against one defendant or
that a joint trial would be prejudicial to any
defendant, the court shall order a severance as to
the defendant whose joint trial would prejudice
the other defendant or defendants. 


Id. Severance is not a matter of right, but lies within the sound
discretion of the trial court unless a joint trial would prejudice a co-defendant as a matter of law. Smith v. State, 998 S.W.2d 683, 686
(Tex. App.--Corpus Christi 1999, pet. ref'd); Garza v. State, 622 S.W.2d
85, 91 (Tex. Crim. App. 1981). An appellant who challenges the denial
of a motion for severance must satisfy the heavy burden of showing
clear prejudice. King v. State, 17 S.W.3d 7, 16 (Tex. App.­Houston
[14th Dist.] 2000, pet. ref'd); Silva v. State, 933 S.W.2d 715, 719 (Tex.
App.­San Antonio 1996, no pet.).

 A showing of clear prejudice based on an allegation that the co-defendants' defenses are inconsistent is apparently established if the
co-defendants' respective positions are mutually exclusive to the extent
that, "the jury in order to believe the core of one defense must
necessarily disbelieve the core of the other." Goode v. State, 740
S.W.2d 453, 455 n. 2 (Tex. Crim. App. 1987) (in dicta) (quoting United
States v. Lee, 744 F.2d 1124, 1126 (5th Cir. 1984), citing DeGrate v.
State, 518 S.W.2d 821, 822 (Tex. Crim. App. 1975)); see King, 17
S.W.3d at 17-18; Silva, 933 S.W.2d at 719.(2) In Lee, the Fifth Circuit
Court of Appeals opinion quoted by Goode, the court held there was no
abuse of discretion in denying a severance where the core of the
defenses were not in conflict. Id. at 1126. There, the appellant and
several law enforcement officers were charged with violating prisoners'
civil rights by subjecting them to "water torture" in order to procure
confessions. Id. at 1125. The appellant's defense was that he did not
participate in any torture and that he was unaware of any such torture. 
Id. One of his co-defedants, Baker, maintained as his defense that
although the allegations of torture were true, he was ordered to
participate in the torture. During trial Baker identified the appellant as
a participant in the torture. 

 Despite the fact that Baker testified that the appellant participated
in the torture, which was contrary to the appellant's defense, the court
held the defenses were not mutually exclusive. As the court noted, for
the core of their defenses to conflict, it would have been "necessary that
Baker have contended that [the appellant] was one of the superiors who
ordered him to take part in the torture." Id. at 1126. The court stated,
"[d]efendants may disagree on the facts not comprising the core of their
defenses without generating the kind of prejudice that mandates
severance." Id. (citations omitted). 

 Some of our sister courts of appeals have reviewed denied
motions for severance based on inconsistent defenses and have applied
the mutually exclusive defense standard articulated in Goode. King v.
State, 17 S.W.3d 7, 17-18 (Tex. App.­Houston [14th Dist.) 2000, pet.
ref'd), concerned a businessman who, along with his business partner,
obtained funds from wealthy investors under the pretense of starting
new ventures. The two men were charged with aggregate theft, tried
together, despite raising a timely motion to sever, and King was found
guilty. Id. at 12-13, 17. On appeal, King contended the trial court erred
in denying the motion for severance because the co-defendants had
mutually exclusive defenses. Id. at 16. The court found that there was
no evidence to show that either King or his partner believed the other
was guilty of the offense; instead, the record showed that their
positions were entirely consistent. Id. at 17. Thus, the co-defendants'
defenses were not mutually exclusive in the sense that "the jury in
order to believe the core of one defense must necessarily disbelieve the
core of the other." Id. at 17-18 (citation omitted) (quote taken from
Goode and Lee). 

 In Silva v. State, 933 S.W.2d 715, 718 (Tex. App.­San Antonio
1996, no pet.), the Fourth Court of Appeals found a trial court abused
its discretion in denying a motion for severance where there were
mutually exclusive defenses. There, two co-defendants were indicted
for murder and aggravated robbery and tried together before a jury. 
Upon conviction, Silva appealed the denial of his motion for severance,
asserting, inter alia, the trial court abused its discretion because of
inconsistences in the co-defendants' positions. Id. at 718. As his alibi,
Silva maintained that he was not at the scene of the crime when the
robbery occurred and that the State's witness misidentified him as
being present. Id. His co-defendant, conversely, admitted that both he
and Silva were present when the robbery occurred, and that Silva was
the triggerman. Id. Notably, Silva was precluded from using his co-defendant's oral statement as impeachment evidence because the trial
court granted the co-defendant's motion to suppress. Id. The court of
appeals, reiterating the "core of one defense" standard from Goode,
found that the defenses were mutually exclusive and held that the
denial of the motion for severance constituted an abuse of discretion. 
Id. at 719.

 Here, appellant contends severance was proper because she and
her co-defendant had inconsistent alibis. The core of both Evie and
appellant's defenses was that they were together on the night of Juan's
murder. Their alibis diverge, however, when the two met in a park. 
According to appellant's statement, she and Evie drove in separate cars
to a park where they sat by the water and talked. After leaving the
park, they went to Evie's house and appellant spent the night. The next
morning appellant returned home and found the patio door ajar. She
discovered Juan's body on the bed and assumed he killed himself. 
Appellant called the police. 

 Evie testified that instead of returning to her house after leaving
the park, she and appellant drove for a while and eventually stopped. 
They got out of the car and appellant pointed a gun to Evie's stomach. 
Evie was four months pregnant at the time. Appellant told her that
police were going to talk to her and that she would have to talk to them. 
She could tell them everything up to that point. She then made Evie get
down on her knees and put the gun to Evie's head. Then, they drove
to Evie's home and stayed there for the night. 

 Evie also testified appellant threatened the lives of her baby and
her grandmother, and threatened to cut off her baby's fingers. This
testimony surfaced for the first time at trial, despite Evie giving several
statements to police prior to trial. In addition, Evie made reference to
the fact that appellant was given two opportunities to testify before the
grand jury.(3) 

 Although Evie's testimony conflicts to some degree with
appellant's in that appellant did not include the foregoing events in her
statement, and Evie's testimony implicitly(4) shifts the blame to appellant,
we are unable to conclude that their respective positions are mutually
exclusive to the extent that the jury in order to believe the core of one
defense must necessarily have disbelieved the core of the other. The
jury could have believed the core of appellant's alibi, that she was with
Evie on the night of the murder, while simultaneously believing Evie's
testimony. Moreover, we cannot say that Evie's reference to appellant's
opportunities to testify before the grand jury constituted prejudice
caused by the denial of the motions for severance. As the trial judge
noted, if a severance had been granted, Evie could have volunteered the
same information in the separate trial of appellant. We conclude the
trial court did not abuse its discretion in denying appellant's motions for
severance. Appellant's second issue is overruled.

 For the reasons stated in our original opinion, we overrule
appellant's first and third issues. See Allen v. State, 753 S.W.2d 792,
795 (Tex. App.--Beaumont 1988, no pet.) (overruling points of error for
reasons stated in original opinion when court of criminal appeals
reversed and vacated prior opinion, but did not address all points of
error); see also Williams v. State, 821 S.W.2d 403, 406
(Tex.App.--Houston [1st Dist.] 1991, pet. ref'd) (declining to review
points of error addressed in prior opinion which was reversed and
remanded on other grounds).

 The judgment of the trial court is AFFIRMED. 

 NELDA V. RODRIGUEZ

 Justice

Publish.

Tex. R. App. P. 47.3.


Opinion on Remand delivered and filed

this 15th day of February, 2001.


 

1. Justice Melchor Chavez assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. We note that neither Goode nor DeGrate were appeals from
denials of motions to sever based on inconsistent defenses. See Goode,
740 S.W.2d at 454 (reviewing trial court's denial of a motion for mistrial
based on court's limiting appellant to nine peremptory challenges and
severing the jointly tried co-defendant during the State's case-in-chief
for mutually exclusive defenses); DeGrate, 518 S.W.2d at 822
(reviewing complaint of improper cross-examination of reputation
witness by co-defendant's counsel). 
3. Appellant did not testify at trial or at the grand jury proceedings.
4. Evie testified she did not know who murdered her father.