COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

VERONICA DAWN QUALLEY,                        )

                                                                              )              
No.  08-03-00116-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
83rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Pecos County, Texas

Appellee.                           )

                                                                              )              
(TC# P-2567-83-CR)

                                                                              )

 

O
P I N I O N

 

This is an appeal
from convictions for the offenses of capital murder and injury to a child.  The court assessed punishment at life
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice on the capital murder conviction and forty years imprisonment on the
injury to child conviction.  We reverse
the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE








On December 26,
2001, Appellant and her codefendant, Sonny Dale Moore, entered Charlie=s Pawn Shop on the Andrews Highway in
Odessa, Texas.  They had a small child
with them.  The manager of the shop,
Rhonda Dolloff, testified that the child=s
eyes were blackened, and it appeared that she had a broken nose.  She appeared swollen and bruised, and there
was bruising between her fingers.  It
seemed to Dolloff that the child could not turn her head and she had difficulty
raising her arm.  The child had a drugged
and spacey look to her face.  After about
forty minutes, as the three left the shop it appeared that the child=s legs would not work.

On December 28,
2001, the couple returned to the pawn shop with the child.  Diana Salas, an employee, saw bruising on the
child=s face,
hands, and side.  The child=s eyes were blackened, she had bruising
on her stomach, and she acted in a sluggish manner.  Rhonda Dolloff was also in the store.  Moore was trying to sell some firearms.  Dolloff asked Appellant about the child=s injuries and Appellant stated that
the child had fallen out of a window. 
When the three left the store, the employees called police.

Cliff Harris, the
Sheriff of Pecos County, Texas, testified that on December 28, 2001, he
received a call from a pawn shop owner in Odessa regarding an injured
child.  He sent a deputy to look for a
pickup truck coming from Odessa.  Deputy
Jerry Kresta stated that he was told to look for a 1986 Ford pickup.  He watched for the vehicle for approximately
three hours.  

On January 3,
2002, Adam Marquez was working the dispatch desk at the Fort Stockton Police
Department.  He received an emergency 911
call from Sonny Dale Moore at 10:11 p.m. 
Moore stated that a child had fallen out of bed and was
unconscious.  Mike Laurence, an EMT,
heard the call and responded to the scene. 
Upon arrival, he found that the child had no pulse and her lips were
blue.  

Ilan Wilde
testified that he is a physician=s
assistant at Pecos County Memorial Hospital. 
On January 3, 2002, at 10:30 p.m., an ambulance arrived carrying a
child.  She was not breathing and she had
no heartbeat.  She had multiple bruises
around her eyes, legs, and knees. 
Appellant and Moore told him that the child had fallen out of the bed the
night before, had fallen down some stairs, and had fallen over a toy box.  








Toni Proper, a
respiratory therapist, was also working at the hospital when the child
arrived.  The child=s name was Whisper Lynn.  Proper was in charge of managing the child=s airway.  The witness noticed recent bruising on the
child=s
forehead and other bruising on her body.

Oscar Gallegos, a
sheriff=s deputy
with the Pecos County Sheriff=s
Office, stated that he prepared a diagram of Appellant=s
residence where the child died.  He took
a measurement that indicated the child=s
bed was nineteen inches above a carpeted floor. 


Dr. Jerry Spencer
testified that he was a pathologist in Lubbock County, Texas.  He performed an autopsy on a child named
Whisper Lynn on January 4, 2002.  He
described major injuries to her head, mouth, abdomen, and arm.  The head injury was the fatal injury.  The injuries were both recent and older
healing injuries.  Her lower front teeth
had been knocked out and had healed over. 
This injury occurred about three or four weeks before her death.  Her arm was recently broken and her elbow was
dislocated.  The abdominal injuries were
the result of blunt trauma from a fist or from a kick.  It was one of the worst such cases he had
ever seen.  

Billy McGovern
testified that he was Appellant=s
and Moore=s
landlord.  He had become friendly with
Appellant and Moore, and he lived nearby. 
He knew the victim and he noticed on one occasion that the child had a
black eye.  On another occasion, he saw
the victim had a busted lip.  He also
observed that the child=s
hair had disappeared.  Upon inquiry, he
was told that the child was pulling her hair out.  He warned Appellant and Moore that he would
inform Child Protective Services if he saw any more bruises on the child.








Tulon Murphy, a
deputy sheriff with the Pecos County Sheriff=s
Office, testified that he took a confession from Moore wherein he admitted
killing the child.  Moore stated that he
lost his temper when he found the child out of her bed.  He stated that he frequently lost his temper
in that manner.  He grabbed her by both
arms and threw her on the bed real hard. 
She bounced off of the bed and he grabbed her by the throat.  He then grabbed her by the neck and threw her
back on the bed very hard.  He was still
very angry.  He noticed that the child
was having a hard time breathing.  Moore
stated that Appellant had nothing to do with the killing. 

Moore testified in
his own behalf.  He stated that he did
not kill the child and implicated Appellant as she was the only other
individual in the home at the time of the death.  

Both Appellant and
her codefendant, Moore, were convicted of capital murder.  Appellant was convicted under a theory of
omission, by failing to protect the child from Moore.  Appellant was also convicted of injury to a
child by omission.  

In Issue No. One,
Appellant maintains that the court erred in failing to grant her motion to
sever the trial of Appellant and her codefendant, Sonny Moore.  Appellant and Moore both filed motions to
sever based upon the prejudicial effect a joint trial would have on their
respective defenses.  Appellant alleged
that she believed Moore would be changing his statement and would implicate her
in the death of her daughter.  During the
trial, Appellant and Moore reargued their requests for severance based upon the
prejudicial effect the joint trial would have on each of their respective
defenses.

Article 36.09 of
the Texas Code of Criminal Procedure states:

Two or more defendants
who are jointly or separately indicted . . . for the same offense . . . may be,
in the discretion of the court, tried jointly or separately as to one or more
defendants . . . and provided further, that in cases in which, upon timely
motion to sever, and evidence introduced thereon, it is made known to the court
that there is a previous admissible conviction against one defendant or that a
joint trial would be prejudicial to any defendant, the court shall order a
severance as to the defendant whose joint trial would prejudice the other
defendant or defendants.

 








See Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981).  

Article 36.09
mandates severance where a prior criminal conviction of one codefendant is
admissible or where a joint trial would, as a matter of law, prejudice a
codefendant; otherwise, the granting of a severance is within the sound
discretion of the trial court.  Silva
v. State, 933 S.W.2d 715, 718-19 (Tex.App.--San Antonio 1996, no
pet.).  The denial of a motion to sever
will constitute an abuse of discretion only when the movant satisfies the heavy
burden of showing Aclear
prejudice.@  King v. State, 17 S.W.3d 7, 16
(Tex.App.--Houston [14th Dist.] 2000, pet. ref=d);
Louis v. State, 825 S.W.2d 752, 757 (Tex.App.--Houston [14th Dist.]
1992, pet. ref=d).

When the defendant
has filed a pretrial motion for severance based on prejudice that the court
denies, the trial court has a continuing duty under the Federal Constitution to
order a severance sua sponte if sufficient prejudice becomes known
during the course of the trial.  Aguilar
v. State, 26 S.W.3d 901, 909 (Tex.Crim.App. 2000).  Different degrees of culpability of
codefendants does not warrant severance. 
See Morales v. State, 466 S.W.2d 293, 296 (Tex.Crim.App.
1971).  In order to show clear prejudice,
it must be shown that the respective defenses of the parties are mutually
exclusive to the extent that the jury must believe the core of one defense and
must necessarily disbelieve the core of the other.  Aguilar v. State, 39 S.W.3d 700, 702
(Tex.App.--Corpus Christi 2001, pet. ref=d).

While it appeared
at trial that Appellant had a prior conviction for recklessly causing injury to
a child under fourteen years of age, this conviction was not admitted at
trial.  Therefore, Appellant had failed
to demonstrate harm.  See Rivello v.
State, 476 S.W.2d 299, 300 (Tex.Crim.App. 1972).








Regarding whether
or not the defenses were mutually antagonistic, we find that the defenses were
mutually antagonistic.  If the jury were
to believe Moore=s
assertions at trial, then Appellant committed the offense.  This would be antagonistic to her defense
that she did not commit the offense and did not fail to protect the child from
Moore.  Accordingly, we find that the
court abused its discretion in failing to sever the trials in that there was evidence
before it of clear prejudice to Appellant=s
defense.  See Silva, 933 S.W.2d at
719.  Issue No. One is sustained.  

In Issues Nos. Two
and Three, Appellant asserts that the evidence was legally and factually
insufficient to support the conviction for capital murder and the conviction
for injury to a child.[1]  In reviewing the legal sufficiency of the
evidence, we are constrained to view the evidence in the light most favorable
to the judgment to determine whether any rational trier of fact could find the
essential elements of the offense, as alleged in the application paragraph of
the charge to the jury, beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d 234, 239
(Tex.Crim.App. 1989); Humason v. State, 728 S.W.2d 363, 366
(Tex.Crim.App. 1987).  More particularly,
sufficiency of the evidence should be measured by the elements of the offense
as defined by the hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 239-40
(Tex.Crim.App. 1997).








Our role is not to
ascertain whether the evidence establishes guilt beyond a reasonable
doubt.  Stoker v. State, 788
S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951, 111 S.Ct.
371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702
(Tex.App.‑‑El Paso 1992, pet. ref=d).  We do not resolve any conflict in fact, weigh
any evidence, or evaluate the credibility of any witnesses, and thus, the fact‑finding
results of a criminal jury trial are given great deference.  Menchaca v. State, 901 S.W.2d 640,
650-52 (Tex.App.‑-El Paso 1995, pet. ref=d);
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Leyva v. State, 840
S.W.2d 757, 759 (Tex.App.‑‑El Paso 1992, pet. ref=d); Bennett v. State, 831 S.W.2d
20, 22 (Tex.App.‑‑El Paso 1992, no pet.).  Instead, our only duty is to determine if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  Adelman, 828 S.W.2d at
421‑22.  In so doing, we resolve
any inconsistencies in the evidence in favor of the verdict.  Matson, 819 S.W.2d at 843, quoting
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).  The trier of fact, not the appellate court,
is free to accept or reject all or any portion of any witness=s testimony.  Belton v. State, 900 S.W.2d 886, 897
(Tex.App.--El Paso 1995, pet. ref=d).

In the charge of
the court, the jury was required to find that Appellant caused the death of a
child under six years of age by having a legal duty to protect the child and
she failed to protect the child from Sonny Dale Moore.








In the present
case, there was evidence that the child had received numerous injuries over an
extended period of time.  During the
visit to the pawn shop, the testimony indicated that the child was in obvious,
severe distress suffering from injuries. 
She was not acting normally and had an inappropriate demeanor.  This caused the employees at the pawn shop to
call the authorities.  The pathologist
testified that there were recent injuries. 
More telling, he related that some of the injuries to the mouth were
three to four weeks old.  The child had
been pulling out her hair and the evidence demonstrated that the child was in
obvious physical and emotional distress prior to the incident that resulted in
her death.  Billy McGovern testified that
he had expressed concern for the child=s
well-being and he threatened both Qualley and Moore that he would contact the
authorities if the injuries continued. 
Viewing the evidence in the light most favorable to the verdict, we find
that the evidence was legally sufficient to support the conviction for capital
murder.

Regarding the
conviction for injury to a child, the jury was required to find that Appellant
did intentionally and knowingly by omission cause serious injury to a child
younger than fifteen years of age by failing to protect her from Sonny Dale
Moore and she had a legal duty to act. 
Applying the aforementioned analysis to the injury to child conviction,
we find that in viewing the evidence in the light most favorable to the
verdict, that the evidence is legally sufficient to support the
conviction.  Issues Nos. Two and Three
are overruled.

Having overruled
Appellant=s Issues
Nos. Two and Three, but further having sustained Issue No. One, we reverse the
judgment of the trial court and remand the cause for proceedings not
inconsistent with this opinion.

 

 

October
21, 2004

RICHARD BARAJAS,
Chief Justice

 

Before Panel No. 4

Barajas, C.J., Larsen and McClure, JJ.

 

(Publish)











[1]  Given the
discussion and disposition in the first issue, we will address only the legal
sufficiency of the evidence.