COURT OF APPEALS
















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

SONNY DALE MOORE,                                    )

                                                                              )              
No.  08-03-00115-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 
83rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Pecos County, Texas

Appellee.                           )

                                                                              )              
(TC# P-2567-83-CR)

                                                                              )

 

O
P I N I O N

 

This is an appeal
from a conviction for the offense of capital murder.  The court assessed punishment at life
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  We reverse the judgment of the
trial court.

I.  SUMMARY
OF THE EVIDENCE

On December 26,
2001, Appellant and his codefendant, Veronica Qualley, entered Charlie=s Pawn Shop on the Andrews Highway in Odessa, Texas.  They had a small child with them.  The manager of the shop, Rhonda Dolloff,
testified that the child=s
eyes were blackened, and it appeared that she had a broken nose.  She appeared swollen and bruised, and there
was bruising between her fingers.  It
seemed to Dolloff that the child could not turn her head and she had difficulty
raising her arm.  The child had a drugged
and spacey look to her face.  After about
forty minutes, as the three left the shop it appeared that the child=s legs would not work.








On December 28,
2001, the couple returned to the pawn shop with the child.  Diana Salas, an employee, saw bruising on the
child=s face,
hands, and side.  The child=s eyes were blackened, she had bruising
on her stomach and she acted in a sluggish manner.  Rhonda Dolloff was also in the store.  Appellant was trying to sell some
firearms.  Dolloff asked Qualley about
the child=s
injuries and Qualley stated that the child had fallen out of a window.  When the three left the store, the employees
called police.   

Cliff Harris, the Sheriff
of Pecos County, Texas, testified that on December 28, 2001, he received a call
from a pawn shop owner in Odessa
regarding an injured child.  He sent a
deputy to look for a pickup truck coming from Odessa. 
Deputy Jerry Kresta stated that he was told to look for a 1986 Ford
pickup.  He watched for the vehicle for
approximately three hours to no avail.

On January 3,
2002, Adam Marquez was working the dispatch desk at the Fort Stockton Police
Department.  He received an emergency 911
call from Sonny Dale Moore at 10:11 p.m. 
Appellant stated that a child had fallen out of bed and was
unconscious.  Mike Laurence, an EMT,
heard the call and responded to the scene. 
Upon arrival, he found that the child had no pulse and her lips were
blue.  

Ilan Wilde testified
that he is a physician=s
assistant at Pecos
 County Memorial
 Hospital.  On January 3, 2002, at 10:30 p.m., an
ambulance arrived carrying a child.  She
was not breathing and she had no heartbeat. 
She had multiple bruises around her eyes, legs, and knees.  Appellant and Qualley told him that the child
had fallen out of the bed the night before, had fallen down some stairs, and
had fallen over a toy box.








Toni Proper, a
respiratory therapist, was also working at the hospital when the child
arrived.  The child=s name was Whisper Lynn.  Proper was in charge of managing the child=s airway.  The witness noticed recent bruising on the
child=s
forehead and other bruising on her body.

Oscar Gallegos, a
sheriff=s deputy
with the Pecos County Sheriff=s
Office, stated that he prepared a diagram of Appellant=s
residence where the child died.  He took
a measurement that indicated the child=s
bed was nineteen inches above a carpeted floor. 


Dr. Jerry Spencer
testified that he was a pathologist in Lubbock
 County, Texas.  He performed an autopsy on a child named
Whisper Lynn on January 4, 2002.  He
described major injuries to her head, mouth, abdomen, and arm.  The head injury was the fatal injury.  The injuries were both recent and older
healing injuries.  Her lower front teeth
had been knocked out and had healed over. 
This injury occurred about three or four weeks before her death.  Her arm was recently broken and her elbow was
dislocated.  The abdominal injuries were
the result of blunt trauma from a fist or from a kick.  It was one of the worst such cases he had
ever seen.  

Billy McGovern
testified that he was Appellant=s
and Veronica Qualley=s
landlord.  He had become friendly with
Appellant and he lived nearby.  He knew
the victim and he noticed on one occasion that the child had a black eye.  On another occasion, he saw the victim had a
busted lip.  He also observed that the
child=s hair
had disappeared.  Upon inquiry, he was
told that the child was pulling her hair out. 
He warned Appellant and Qualley that he would inform Child Protective
Services if he saw any more bruises on the child.  








Tulon Murphy, a
deputy sheriff with the Pecos County Sheriff=s
Office, testified that he took a confession from Appellant wherein he admitted
killing the child.  Appellant stated that
he lost his temper when he found the child out of her bed.  He stated that he frequently lost his temper
in that manner.  He grabbed her by both
arms and threw her on the bed real hard. 
She bounced off of the bed and he grabbed her by the throat.  He then grabbed her by the neck and threw her
back on the bed very hard.  He was still
very angry.  He noticed that the child
was having a hard time breathing. 
Appellant stated that Qualley had nothing to do with the killing. 

Appellant
testified in his own behalf.  He stated
that he did not kill the child and implicated Qualley, as she was the only
other individual in the home at the time of the death.

Both Appellant and
his codefendant, Veronica Qualley, were convicted of capital murder.  Qualley was convicted under a theory of
omission, by failing to protect the child from Appellant.  Qualley was also convicted of injury to a
child by omission.  

II. 
DISCUSSION

In Issue No. One,
Appellant maintains that the court erred in failing to grant his motion to
sever the trial of Appellant and his codefendant, Veronica Qualley.  Prior to trial, Appellant filed a motion to
sever his trial from codefendant Qualley. 
Appellant alleged that Qualley had an admissible prior conviction and that
severance should occur as a matter of right. 
Appellant also alleged that a joint trial would prejudice
Appellant.  On October 7, 2002, Appellant
filed another motion to sever.  He again
alleged that his codefendant had a prior admissible conviction.  Appellant alleged among other things, that a
joint trial would be prejudicial because he and Qualley had antagonistic, or
mutually exclusive defenses. 
Specifically, Appellant alleged that her defense would be that she did
not know what happened and did not see the events leading up to the death of
the child; while Appellant was prepared to testify that he did not kill or
injure the child and his codefendant was the only other person present.








During the course
of the trial, Qualley=s
counsel joined the State with regard to objecting to testimony that Appellant
was trying to elicit.  Furthermore,
Qualley=s counsel
joined with Appellant=s
counsel on several occasions in requesting a severance during the trial.

Article 36.09 of
the Texas Code of Criminal Procedure states:

Two or more defendants
who are jointly or separately indicted . . . for the same offense . . . may be,
in the discretion of the court, tried jointly or separately as to one or more
defendants . . . and provided further, that in cases in which, upon timely
motion to sever, and evidence introduced thereon, it is made known to the court
that there is a previous admissible conviction against one defendant or that a
joint trial would be prejudicial to any defendant, the court shall order a
severance as to the defendant whose joint trial would prejudice the other
defendant or defendants.

 

See Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981).

Article 36.09
mandates severance where a prior criminal conviction of one codefendant is
admissible or where a joint trial would, as a matter of law, prejudice a
codefendant; otherwise, the granting of a severance is within the sound
discretion of the trial court.  Silva
v. State, 933 S.W.2d 715, 718-19 (Tex.App.--San Antonio 1996, no
pet.).  The denial of a motion to sever
will constitute an abuse of discretion only when the movant satisfies the heavy
burden of showing Aclear
prejudice.@  King v. State, 17 S.W.3d 7, 16
(Tex.App.--Houston [14th Dist.] 2000, pet. ref=d);
Louis v. State, 825 S.W.2d 752, 757 (Tex.App.--Houston [14th Dist.]
1992, pet. ref=d).








When the defendant
has filed a pretrial motion for severance based on prejudice that the court
denies, the trial court has a continuing duty under the Federal Constitution to
order a severance sua sponte if sufficient prejudice becomes known
during the course of the trial.  Aguilar
v. State, 26 S.W.3d 901, 909 (Tex.Crim.App. 2000).  Different degrees of culpability of
codefendants does not warrant severance. 
See Morales v. State, 466 S.W.2d 293, 296 (Tex.Crim.App.
1971).  In order to show clear prejudice,
it must be shown that the respective defenses of the parties are mutually
exclusive to the extent that the jury must believe the core of one defense and
must necessarily disbelieve the core of the other.  Aguilar v. State, 39 S.W.3d 700, 702
(Tex.App.--Corpus Christi 2001, pet. ref=d).

While it appeared
at trial that Qualley had a prior conviction for recklessly causing injury to a
child under fourteen years of age, this conviction was not admitted at
trial.  Therefore, Appellant has failed
to demonstrate harm.  See Rivello v.
State, 476 S.W.2d 299, 300 (Tex.Crim.App. 1972).

Regarding whether
or not the defenses were mutually antagonistic, we find that the defenses were
mutually antagonistic.  If the jury were
to believe Appellant=s
assertions at trial, then Qualley committed the offense.  This would be antagonistic to her defense
that she did not commit the offense and did not fail to protect the child from
Appellant.  Accordingly, we find that the
court abused its discretion in failing to sever the trials in that there was
evidence before it of clear prejudice to Appellant=s
defense.  See Silva, 933 S.W.2d at
719.  Issue No. One is sustained.

In light of the
foregoing discussion, we find it unnecessary to respond to Appellant=s remaining issues on appeal.  We reverse the judgment of the trial court
and remand for further proceedings not inconsistent with this opinion. 

October 21, 2004

RICHARD BARAJAS, Chief Justice

 

Before Panel No. 4

Barajas, C.J., Larsen and McClure, JJ.

 

(Do Not Publish)