In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00160-CR
______________________________


DEMARKO DESHUN DENNIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31823-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Demarko Deshun Dennis is the second of two brothers charged with and convicted of
murdering Peter Smith in Kilgore. Dennis and his brother Mongo Jabarr Williams


 thought Smith
had assaulted their mother. While driving around, Dennis and Williams came across Smith and beat
him severely with a baseball bat, smashing Smith's skull and leaving him bleeding in the street. 
Smith died some months later without regaining consciousness.
            Dennis asserts four points on appeal, two of which are identical to points Williams brought
on appeal and two of which are new points. In the new points, Dennis contends that we should
reverse his conviction because the court abused its discretion by consolidating his case with that of
Williams and that the punishment was unconstitutionally disproportionate. In the matching points
we have discussed and decided in Williams' appeal, Dennis asserts that an overly prejudicial poster-sized photograph of the victim was improperly admitted into evidence and that improper final
argument by the State was allowed during the guilt/innocence phase of the trial. We reject Dennis'
points of error and affirm the judgment of the trial court.
(1)       Denying Severance Was Within the Trial Court's Discretion
            Severance is not a matter of right, but rests within the sound discretion of the trial court. 
Peterson v. State, 961 S.W.2d 308, 310 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). To show
an abuse of discretion, an appellant bears the heavy burden of showing clear prejudice. Id.
            When timely asked to do so, a trial court must order a severance if evidence establishes either
(a) that there is a previous admissible conviction against one defendant or (b) that a joint trial would
be prejudicial to any defendant. Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981); Aguilar
v. State, 26 S.W.3d 901, 903 (Tex. Crim. App. 2000).
            Varying culpability between codefendants does not alone warrant severance. See Morales
v. State, 466 S.W.2d 293, 296 (Tex. Crim. App. 1971); Qualley v. State, 151 S.W.3d 655, 659 (Tex.
App.—El Paso 2004, pet. granted). To show clear prejudice, it must be shown that the respective
defenses of the parties are mutually exclusive to the extent that the jury must believe the core of one
defense and must necessarily disbelieve the core of the other. Aguilar v. State, 39 S.W.3d 700, 702
(Tex. App.—Corpus Christi 2001, pet. ref'd).
            Counsel raised this issue at a pretrial hearing, and argued to the trial court that the cases
should be severed because the evidence against Dennis was much weaker than that against
codefendant Williams. That is not sufficient to require severance. Further, it does not suggest that
their respective defenses were such as to require severance.
            We also note that, when no evidence is offered in support of the motion to sever, the trial
court does not err in overruling the motion. See Sanne v. State, 609 S.W.2d 762, 776 (Tex. Crim.
App. 1980); Zunker v. State, No. 01-02-00529-CR, 2005 WL 90932, at *2 (Tex. App.—Houston [1st
Dist.] Jan. 13, 2005, no pet.). In this case, no evidence was offered.
            We overrule this contention of error.
(2)       Dennis' Disproportionate Sentencing Point Was Not Preserved
            Dennis also contends that the sentence in this case was disproportionate to the offense. 
Dennis was convicted of murder, and sentenced to twenty-seven years' imprisonment for a crime
supporting a punishment range of from five to ninety-nine years or life in prison.
            We first look to see if the issue has been preserved for review. Dennis did not object to the
sentence on the ground it was disproportionate to the crime, or on any other ground, at the time it
was imposed, or in a motion for new trial. To preserve a complaint for appellate review, an appellant
must have presented to the trial court a timely request, objection, or motion stating the specific
grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113,
119 (Tex. Crim. App. 1996). This Court has held that a defendant is required to raise a
disproportionality objection in a timely manner. Delacruz v. State, No. 06-04-00123-CR, 2005 WL
1458036 (Tex. App.—Texarkana June 22, 2005, no pet.); Hookie v. State, 136 S.W.3d 671, 679
(Tex. App.—Texarkana 2004, no pet.).
            The contention has not been preserved for our review, and we may not address it. We
overrule this contention of error.
(3)       Dennis' Issues on the Large Photograph and Jury Argument Are Identical to Williams'
Points and Are Overruled for the Same Reasons
            Dennis also contends that the court erred by allowing the State to introduce a prejudicial
photograph into evidence and also that the court erred by allowing the State to make an improper
jury argument. We addressed both of these issues in our recent opinion affirming the conviction of
the codefendant in Williams v. State, cause number 06-04-00151-CR. The record, arguments, and
contentions of error in this case are identical to those raised in that appeal. Accordingly, for the
reasons set forth in that opinion, we likewise overrule those points of error as presented by Dennis.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          October 10, 2005
Date Decided:             October 21, 2005

Do Not Publish



comply with Article 18.04's
signature requirement is an issue we need not decide here.
            Evidence, which otherwise should be excluded as being obtained in violation of some legal
requirement,


 should be admitted if "the evidence was obtained by a law enforcement officer acting
in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable
cause." Tex. Code Crim. Proc. Ann. 38.23(b) (Vernon 2005); see Curry v. State, 808 S.W.2d 481,
482 (Tex. Crim. App. 1991).
            We hold that Article 38.23(b)'s good-faith exception applies to this instance of arguable
noncompliance with Article 18.04. In this holding, we are guided principally by Dunn v. State, 951
S.W.2d 478, 479 (Tex. Crim. App. 1997). See Miller, 703 S.W.2d at 354.
            In Dunn, the magistrate had been presented with twenty pages of related affidavits and
proposed warrants. Dunn, 951 S.W.2d at 479. The magistrate determined probable cause existed
for all the warrants, including Dunn's arrest warrant, and signed nineteen of the twenty pages,
inadvertently failing to sign Dunn's arrest warrant. Id. Police arrested Dunn, performed a search
incident to his arrest, and obtained a confession from Dunn. Id. The magistrate's omission was
noticed and remedied hours after Dunn was taken into custody. Id.
            Just as probable cause is not an issue in this case, probable cause was not at issue in Dunn.


 
Instead, Dunn, arguing that the statement he made to police following his arrest was inadmissible
under Article 38.23(a), challenged whether the arrest warrant ever issued when there was no
compliance with Article 15.02(3)'s requirement that a magistrate sign an arrest warrant. See Tex.
Code Crim. Proc. Ann. art. 15.02(3) (Vernon 2005). That is, Dunn argued, the magistrate's failure
to sign the arrest warrant page meant that no arrest warrant ever issued and that the subsequent
statement was illegally obtained. See Dunn, 951 S.W.2d at 478–79.
            Despite the fact that Dunn's arrest warrant did not comply with Article 15.02's
requirements—since there was no signature on it—the Texas Court of Criminal Appeals ruled that
Article 38.23's good-faith exception allowed the technically defective warrant to support admission
of Dunn's custodial statement. See id. at 479. There the record supported the conclusion that the
officer acted in good faith reliance on the Dunn warrant, which had been issued was based on
probable cause. Id. The Dunn court wrote that such a situation was tailor-made for the good-faith
exception:
This appears to be exactly the type of situation intended to be covered by article
38.23(b). Evidence obtained by a police officer acting in good faith reliance upon a
warrant based upon a magistrate's determination of probable cause should not be
rendered inadmissible due to a defect found in the warrant subsequent to its
execution.

Id.
            Dunn, we think, controls the disposition of this case and directs us to uphold the trial court's
ruling on Cole's motion to suppress.


 Given that Officer Murray witnessed Judge Hadaway sign both
documents and that the search warrant, on its face, appears to meet the statutory requirements, the
record reasonably supports the conclusion that the officers executing the search warrant acted in
objective good faith reliance on the warrant issued by Hadaway based on probable cause. See Tex.
Code Crim. Proc. Ann. art. 38.23(b).
            We are to uphold the trial court's decision if reasonably supported by the record and if correct
on any theory of law applicable to the case. See Estrada, 154 S.W.3d at 607. On that basis, we
uphold the denial of Cole's motion to suppress based on the application of the statutory good-faith
exception provided by Article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 38.23(b).
            Accordingly, we affirm the trial court's judgment.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 30, 2006
Date Decided:             July 21, 2006

Publish